Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Frank R. Trechsel (SBN 312199)
ftrechsel@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNHARD KÜHMSTEDT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ENTTECH MEDIA GROUP, LLC, a Delaware limited liability company d/b/a "PAPERMAG.COM"; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:21-cv-10032-SVW-JEM<br><u>Hon. Stephen V. Wilson Presiding</u><br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS; REQUEST FOR SANCTIONS PURSUANT TO 28 U.S.C. 1927; AND LEAVE TO AMEND**<br><br>**[Declaration of Frank R. Trechsel filed concurrently herewith]**<br><br>Hearing Date: April 11, 2022<br>Time:　　　1:30 pm<br>Place:　　　350 W. 1st Street<br>　　　　　　Courtroom 10A<br>　　　　　　Los Angeles, CA 90012 |

# **TABLE OF CONTENTS**

I.     INTRODUCTION……………………………………………………………...1

II.    LEGAL STANDARD……………………………………………………………1

III.   ARGUMENT…………………………………………………………………..2

        A. Kuhmstedt pleads ownership and registration of a valid
            copyright………………………………………………………………...2

        B. Kuhmstedt's claims are timely……………………………………..4

             1.  The discovery rule applies……………………………………..4

             2.  The Complaint's allegations do not establish that
                 the statute of limitations precludes any claims…………………6

             3.  Kuhmstedt was not required to constantly police his
                 work…………………………………………………………………7

        C. The Complaint sufficiently alleges Enttech's secondary
            liability for infringing the copyrights in the Subject Photograph……….8

        D. Kuhmstedt's DMCA claims are adequately pled………………………12

        E. Enttech's conduct warrants sancts pursuant to 28 U.S.C. §
            1202………………………………………………………………………14

        F. Kuhmstedt should be granted leave to amend…………………………17

IV.   CONCLUSION………………………………………………………………18

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

# TABLE OF AUTHORITIES

Page(s)

Cases

*Access Ins. Co. v. Peralta,*
2015 WL 13036938 (C.D. Cal. Oct. 13, 2015) .......................................12

*Adobe Systems Inc. v. Christenson,*
809 F.3d 1071 (9th Cir. 2015) ..........................................................15

*Ashcroft v. Iqbal,*
129 S. Ct. 1937 (2009) .....................................................................6

*B.K.B. v. Maui Police Dep't,*
276 F.3d 1091 (9th Cir. 2002)..........................................................19

*BMG Rights Mgmt. (US) LLC v. Glob. Eagle Entm't Inc.,*
2019 WL 4544424 (C.D. Cal. Aug. 20, 2019) ....................................12

*Cahill v. Liberty Mut. Ins. Co.,*
80 F.3d 336 (9th Cir. 1996)................................................................6

*Cerelux Ltd. v. Yue Shao,*
2017 WL 4769459 (C.D. Cal. June 9, 2017)......................................13

*Chambers v. NASCO, Inc.,*
501 U.S. 32, 111 S.Ct. 2123 (1991) ............................................19, 20

CMI. *Imageline, Inc. v. CafePress.com, Inc.* No. CV 10-9794 PSF MANX,
2011 WL 1322525 (C.D. Cal. Apr. 6, 2011).............................16, 17, 18

*Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.,*
911 F.2d 242 (9th Cir. 1990)............................................................21

*Design Basics, LLC v. Chelsea Lumber Co.,*
977 F. Supp. 2d 714 (E.D. Mich. 2013)..............................................11

*Edmond v. City of Los Angeles,*
2021 WL 6102474 (C.D. Cal. Sept. 23, 2021)....................................12

*Ellison v. Robertson,*
357 F.3d 1072 (9th Cir. 2004)..........................................................15

*ENTTech Media Grp. LLC v. Okularity, Inc.,*
2021 WL 916307 (C.D. Cal. Mar. 10, 2021) ........................................5

*Farmer v. Brennan,*
511 U.S. 825 (1994) .......................................................................16

*Fink v. Gomez,*
239 F.3d 989 (9th Cir. 2001)............................................................19

*Fjelstad v. Am. Honda Motor Co., Inc.,*
762 F.2d 1334 (9th Cir. 1985)..........................................................19

*Flores v. Gain Capital Grp., LLC,*
2018 WL 7501120 (C.D. Cal. Dec. 21, 2018)(denying motion ............8, 9

iii

*Free Speech Sys., LLC v. Menzel*,
   390 F.Supp.3d 1162 (N.D. Cal. 2019) ................................................................10, 12

*Friedman v. Live Nation Merch., Inc.*,
   833 F.3d 1180 (9th Cir. 2016).........................................................................15, 16, 18

*Greg Young Publ'g, Inc. v. Café Press, Inc.* No. CV 15-06013-MFW-AJWX,
   2016 WL 6106752 (C.D. Cal. Jan. 25, 2016)...............................................................17

*H. M. Kolbe Co. v. Armgus Textile Co.*,
   315 F.2d 70 (2d Cir. 1963)...........................................................................................11

*Harrington v. Scribner*,
   785 F.3d 1299 (9th Cir. 2015).......................................................................................16

*Hybrid Promotions, LLC v. Zaslavsky*,
   2016 WL 10988656 (C.D. Cal. Oct. 5, 2016) ...............................................................7

*Jackson v. Jonwill LLC*,
   2021 WL 5015632 (C.D. Cal. Feb. 25, 2021)..............................................................15

*James R. Glidewell Dental Ceramics, Inc. v. Philadelphia Indem. Ins. Co.*,
   2016 WL 9223782 (C.D. Cal. Sept. 12, 2016)..............................................................12

*Judd v. Weinstein*,
   2018 WL 7448914 (C.D. Cal. Sept. 19, 2018)..............................................................12

*Kourtis v. Cameron*,
   419 F.3d 989 (9th Cir. 2005)...........................................................................................6

*Loreley Fin. v. Wells Fargo Secs.*, LLC,
   797 F.3d 160 (2d Cir. 2015)..........................................................................................21

*Marvel Enterprises, Inc. v. NCSoft Corp.*,
   2005 WL 878090 (C.D. Cal. Mar. 9, 2005) .................................................................10

*Michael Grecco Prods., Inc. v. BDG Media, Inc.*,
   834 F. App'x 353 (9th Cir. 2021)...................................................................................9

*Oracle Am., Inc. v. Hewlett Packard Enter. Co.*,
   971 F.3d 1042 (9th Cir. 2020).........................................................................................9

*Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*,
   210 F.3d 1112 (9th Cir. 2000).......................................................................................19

*Palmer Kane LLC v. Scholastic Corp.*,
   2013 WL 709276 (S.D.N.Y. Feb. 27, 2013) ..................................................................7

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*,
   494 F.3d 788 (9th Cir. 2007).........................................................................................15

*PK Music Performance, Inc. v. Timberlake*,
   2018 WL 4759737 (S.D.N.Y. Sept. 30, 2018)..............................................................11

*Polar Bear Prods., Inc. v. Timex Corp.*,
   384 F.3d 700 (9th Cir. 2004)...........................................................................................8

*Solo v. Dawson*, No. CV0905623MMMRCX,
   2010 WL 11508000 (C.D. Cal. Feb. 8, 2010) ..............................................................12

iv

*Supermail Cargo, Inc. v. United States*,
   68 F.3d 1204 (9th Cir. 1995)...............................................................8, 12
*Syed v. MI, LLC*,
   853 F.3d 492 (2017) .........................................................................8, 12
*Unicorn Glob., Inc. v. Hillo Am., Inc.*,
   2021 WL 1034838 (C.D. Cal. Feb. 12, 2021) .........................................12
*Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*,
   982 F.2d 363 (9th Cir. 1992) ..................................................................19
*Warren v. John Wiley & Sons, Inc.*,
   952 F. Supp. 2d 610 (S.D.N.Y. 2013) ......................................................7
*Wilson v. Dynatone Publ'g Co.*,
   892 F.3d 112 (2d Cir.) ..........................................................................11

Statutes

17 U.S.C. § 507(b) .....................................................................................9
17 U.S.C. § 1202 ............................................................................. Passim
17 U.S.C. § 1202(a) ..................................................................................17
17 U.S.C. § 1202(b) ..................................................................................16
17 U.S.C. § 1202(b)(1)..........................................................................16, 17
17 U.S.C. § 1202(b)(3)..........................................................................16, 18
17 U.S.C. § 1202(c)(1)...............................................................................17
17 U.S.C. § 1202(c)(7)...............................................................................17
17 U.S.C. § 1202(c) ...................................................................................17
17 U.S.C. § 1202(c)(2)...............................................................................17
28 U.S.C. § 1927 .............................................................................1, 5, 19

Rules

FRCP 12(b)(6)............................................................................................7

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

## I.  INTRODUCTION

This is a clear case of willful copyright infringement. Defendant, Enttech Media Group, LLC ("Enttech") cannot credibly rebut Plaintiff, Bernard Kuhmstedt's, allegations that Enttech copied and displayed Kuhmstedt's original photograph without his consent on its commercial website. Knowing it lacks any defenses, Enttech has instead engaged in a bizarre and unprofessional campaign of harassment and filed the instant motion, which is meritless, to prolong the litigation.

Not only should this motion be denied, but Enttech should be admonished for its conduct in this matter. Enttech's arguments are objectively frivolous, and it entirely failed to meet and confer regarding the alleged deficiencies with Kuhmstedt's secondary liability claims and his claim for violation of the Digital Millennium Copyright Act ("DMCA") 17 U.S.C. § 1202. Instead, Enttech's counsel harassed Kuhmstedt's counsel with baseless and unsupported personal attacks, and then filed this frivolous motion unreasonably and vexatiously increasing the time and expense of this litigation in violation of 28 U.S.C. § 1927.[1]

Kuhmstedt has sufficiently alleged claims for Copyright Infringement, Vicarious and/or Contributory Copyright Infringement, and Violation of DMCA 17 U.S.C. § 1202 in his Complaint. Therefore, Enttech's motion must be denied, and sanctions imposed pursuant to 28 U.S.C. § 1927.

## II. LEGAL STANDARD

---

[1] A review of the dockets reveals that over the last seven years, Enttech's law firm, Tauler Smith, has handled only four copyright cases, all on behalf of Enttech. In at least one other case, the firm's conduct was called into question, with the Court "order[ing] ENTTech to show cause regarding sanctions under Rule 11." *ENTTech Media Grp. LLC v. Okularity, Inc*., No. 2:20-CV-06298-JWH-EX, 2021 WL 916307, at *2 (C.D. Cal. Mar. 10, 2021). This record further indicates the need for sanctions here.

To survive a motion to dismiss, a complaint must contain merely a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (quoting Fed. R. Civ. P. § 8(a)(2)). Detailed factual allegations are not required. *Id.* In deciding a motion to dismiss, all material allegations of the complaint are taken as true, and all reasonable inferences are drawn in Plaintiff's favor. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996).

## III.   ARGUMENT

### A. Kuhmstedt pleads ownership and registration of a valid copyright

Kuhmstedt has properly pled creation and ownership of the photograph of famed musician Janet Jackson that is the subject of this litigation ("Subject Photograph"). Dkt. 1-Complaint ("Comp.") ¶ 9. He likewise alleges "[t]he Subject Photograph is registered with the U.S. Copyright Office." Comp. ¶ 11. And he provides a screenshot exemplar of Defendant Enttech Media Group, LLC's ("Enttech") unauthorized display of the Subject Photograph. Comp. ¶ 13, Ex. B. Thus, he has properly stated a claim for infringement.

Enttech's contention that Kuhmstedt does not adequately allege he registered the Subject Photograph "is belied by the complaint, in which the [plaintiff] explicitly alleges that it owns [and registered] the copyright…." *Kourtis v. Cameron*, 419 F.3d 989, 999 (9th Cir. 2005) *abrogated on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 128 S. Ct. 2161, 171 L. Ed. 2d 155 (2008). Kuhmstedt alleges in paragraph 11 of the Complaint that he registered the Subject Photograph. Comp.  ¶ 11. This allegation is likewise sufficient to show Kuhmstedt abided by and complied with the formalities of registration since he received one.

Importantly, while a copyright registration is required to bring a lawsuit for copyright infringement, it is *not* required that a plaintiff identify the registration number or attach a deposit copy or certificate. To the contrary, "it would be inappropriate for the Court to require production of the relevant certificates of

incorporation at this preliminary stage of the litigation. *Warren v. John Wiley & Sons, Inc.*, 952 F. Supp. 2d 610, 617 (S.D.N.Y. 2013), citing *Palmer Kane LLC v. Scholastic Corp.*, No. 12 Civ. 3890, 2013 WL 709276, at *3 (S.D.N.Y. Feb. 27, 2013) ("The complaint properly alleges that the copyrights have been registered in stating that the copyrights 'that are the subject of this action have been registered with the United States Copyright Office.'"). Thus, and "[c]ontrary to defendants' contentions, the complaint is not required to attach copies of registration certificates or provide registration numbers for all of the copyrights at issue in order to survive a motion to dismiss." *Id.*; see also *Hybrid Promotions, LLC v. Zaslavsky*, No. CV 16-02227-RAO, 2016 WL 10988656, at *10 (C.D. Cal. Oct. 5, 2016) ("the failure to include the registration] is not fatal at the FRCP 12(b)(6) stage").

In its Motion, Enttech invents this legal requirement without citing any authority to support its position.[2] Enttech's position is not only wrong but also proffered in bad faith. During the meet and confer over this motion, Kuhmstedt provided Enttech with the registration number for the Subject Photograph *and Enttech's counsel reviewed the entry for that number on the Copyright Office website and provided Kuhmstedt's counsel with a screenshot of the registration via email*. Declaration of Frank R. Trechsel ("Trechsel Decl.") ¶2, Ex. 1. Enttech knows full well Kuhmstedt's allegation that he registered the Subject Photograph is accurate and supported by evidence. Enttech's unsupportable argument that Kuhmstedt did not properly allege copyright registration is thus a gross waste of the Court's (and the parties') resources. Kuhmstedt meets the pleading requirement for registration and Enttech's motion should be denied.

---

[2] Although not required as part of the Complaint, the registration number covering the work at issue was produced to the Court and Defendant as part of the AO-121 form that Kuhmstedt filed concurrently with the Complaint. Dkt. 4.

**B. Kuhmstedt's claims are timely**

Per the discovery rule and binding Ninth Circuit precedent, Kuhmstedt may seek damages related to the entirety of the infringement at issue. Enttech cannot establish, especially at the pleading stage, that the statute of limitations bars claims for damages related to its exploitation of the Subject Photograph.

**1. The discovery rule applies**

Although the statute of limitations for a copyright infringement claim is three years, a claim does not "accrue" for purposes of the statute limitations until the copyright holder discovers, or reasonably should have discovered, the claim. *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 706 (9th Cir. 2004), *as amended on denial of reh'g and reh'g en banc* (Oct. 25, 2004), *opinion amended on denial of reh'g,* No. 03-35188, 2004 WL 2376507 (9th Cir. Oct. 25, 2004)(section 507(b)'s "statute of limitations does not prohibit recovery of damages incurred more than three years prior to the filing of suit if [1] the copyright plaintiff was unaware of the infringement, and [2] that lack of knowledge was reasonable under the circumstances."). The "discovery rule," as it is termed, allows a copyright holder to seek damages for the entirety of the infringement so long as they file their claim within three years of the claim's *discovery. Id.*

At the pleadings stage, a copyright claim can only be dismissed as untimely where it is "beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Syed,* 853 F.3d at 507, *citing Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995). This Court has concluded in the past that there is "a high hurdle for asserting statute of limitations defenses at the [Motion to Dismiss] stage." *Flores v. Gain Capital Grp., LLC*, No. CV 17-7873-DMG (EX), 2018 WL 7501120, at *3 (C.D. Cal. Dec. 21, 2018)(denying motion). Enttech fails to clear this hurdle.

Enttech's motion falls far short of demonstrating "beyond doubt" Kuhmstedt's Complaint facially establishes that he discovered, or should have discovered, any of the infringing conduct at issue before December 30, 2018. *Id.* This, of course, is because nothing in the Complaint even suggests that Kuhmstedt discovered or reasonably could have discovered the infringement more than 3 years prior to filing suit. Kuhmstedt's cease and desist letter is dated September 13, 2021, only three months before he filed the instant litigation. Comp. ¶ 16. The screenshot of Enttech's infringement was likewise taken on September 13, 2021, evidencing that at least as of September 2021 Enttech's infringement continued and fell within three years of Kuhmstedt filing his Complaint, and his discovery at that time was reasonable.

Enttech's allegation that Kuhmstedt's causes of action are barred by the statute of limitations were discussed and soundly dispelled during meet and confer efforts regarding the instant motion. Trechsel Decl. ¶3, Ex. 1. When the parties met and conferred over Enttech's "statute of limitations" challenge, Enttech relied solely on a district court opinion, *Grecco*, that Kuhmstedt's counsel advised had been reversed by the Ninth Circuit on appeal. See *Michael Grecco Prods., Inc. v. BDG Media, Inc*., 834 F. App'x 353, 354 (9th Cir. 2021)("The district court erred in holding that Grecco's claim based on the Flashlight Photo was time-barred. Copyright infringement claims must be "commenced within three years after the claim accrued," which occurs "when a party discovers, or reasonably should have discovered, the alleged infringement."), citing 17 U.S.C. § 507(b); *Oracle Am., Inc. v. Hewlett Packard Enter. Co*., 971 F.3d 1042, 1047 (9th Cir. 2020)

Enttech, when informed that the only support for its motion had been reversed on appeal, responded with a baseless insinuation that Kuhmstedt's complaint is somehow made in bad faith. Trechsel Decl. ¶3, Ex. 1. To the contrary, it is Enttech that has run afoul of the rules by filing a motion it knows not to be supported by the law or a reasonable extension of the law. Enttech, in urging this Court to adopt a

position that contravenes established Ninth Circuit law, has exposed itself to sanction. It is not free to come before this Court advocating positions entirely untethered to any colorable authority. This motion should be denied, and Enttech should be admonished for again wasting the Court's time and resources.

**2. The Complaint's allegations do not establish that the statute of limitations precludes any claims.**

Enttech asks the Court to presume, based on the 2021 Complaint's assertions, the date on which Kuhmstedt knew or should have known about Enttech's infringing content. Motion, p. 4 at 12-20. But presumptions at this stage must *favor* Kuhmstedt and there is simply no evidence or allegation that Kuhmstedt knew of the infringement at issue more than three years before the Complaint's filing. And in copyright actions "[p]laintiffs are not required to specify each and every instance of infringement" nor "identify the times, similarities, or other details of the alleged infringements in their pleadings[.]" *Marvel Enterprises, Inc. v. NCSoft Corp.*, No. CV 04-9253RGKPLAX, 2005 WL 878090, at *2 (C.D. Cal. Mar. 9, 2005) (denying motion to dismiss).

This notwithstanding, Enttech goes outside of the four corners of the Complaint and without a request for judicial notice or supporting declaration unjustifiably introduces evidence of Kuhmstedt's litigation history as the reason why no reasonable court could conclude that Kuhmstedt's lack of knowledge was reasonable under the circumstances. Enttech cites to *Free Speech Systems, LLC v. Menzel,* to support its position, but that case supports Kuhmstedt. There, the court "ignore[ed] the extra-judicial facts asserted by [Free Speech Systems] and considering only the alleged or admitted facts" found that "[Menzel's] pleadings d[id] not establish as a matter of law that his delay in filing suit was unreasonable." 390 F.Supp.3d 1162, 1170 (N.D. Cal. 2019). The court should do the same thing here. Enttech's extra-judicial facts should be ignored, and adjudication of the date of

Kuhmstedt's knowledge of Enttech's infringement must be adjudicated at a later stage. The motion thus fails.

### 3.  Kuhmstedt was not required to constantly police his work

Enttech avers Kuhmstedt was obligated to police his work—an assertion that not only transcends the four corners of the Complaint but is simply false. Copyright owners "do not have a general duty to police their copyrights." *PK Music Performance, Inc. v. Timberlake*, No. 16-CV-1215 (VSB), 2018 WL 4759737, at *8 (S.D.N.Y. Sept. 30, 2018) *citing Wilson v. Dynatone Publ'g Co.*, 892 F.3d 112, 119 (2d Cir.), *reh'g denied,* 908 F.3d 843 (2d Cir. 2018); *H. M. Kolbe Co. v. Armgus Textile Co.*, 315 F.2d 70, 74 (2d Cir. 1963) (holding that copyright owner has no affirmative duty to police subsequent distributions of his own product); *Design Basics, LLC v. Chelsea Lumber Co.*, 977 F. Supp. 2d 714, 725 (E.D. Mich. 2013) ("The Court ... rejects [d]efendants' argument that [p]laintiff was under a continuous duty to police its copyright[….] [I]t would be unreasonably burdensome to impose on a copyright owner a never ending obligation to discover whether anyone to whom he ever supplied his copyrighted material would copy it.") (internal quotations omitted). Kuhmstedt was not required to scour the internet for posts and publications of his works on websites by infringers to ensure that Enttech was not infringing on his work.

Kuhmstedt, an individual photographer, cannot reasonably be charged with knowledge of all posts, articles, and publications across the entire internet as they are made in real time. The facts concerning when and how Kuhmstedt discovered the infringing publication of the Subject Photograph will be properly ventilated in discovery, and a determination on the appropriate accrual for copyright infringement claims as to the infringing publication cannot be made as a matter of law at this stage. Whether the timing of Kuhmstedt's discovery of the infringements at issue here was reasonable is an issue of fact that cannot be determined in Enttech's favor now. *See,*

7

*e.g.*, *Solo v. Dawson*, No. CV0905623MMMRCX, 2010 WL 11508000, at *14–16 (C.D. Cal. Feb. 8, 2010), *BMG Rights Mgmt. (US) LLC v. Glob. Eagle Entm't Inc.*, No. 218CV03723VAPJEMX, 2019 WL 4544424, at *4 (C.D. Cal. Aug. 20, 2019), *Free Speech Sys., LLC v. Menzel*, 390 F. Supp. 3d 1162, 1170–71 (N.D. Cal. 2019); *see also, Judd v. Weinstein*, No. CV185724PSGFFMX, 2018 WL 7448914, at *4 (C.D. Cal. Sept. 19, 2018)("Courts do not resolve factual issues like [whether a plaintiff's discovery of a cause of action was reasonable] on a motion to dismiss").

Again, a claim can only be dismissed as untimely at the pleadings stage where it is "beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Syed*, 853 F.3d at 507, *citing Supermail Cargo, Inc.*, 68 F.3d at 1207. Because there is nothing in the Complaint to demonstrate "beyond doubt" that Enttech will prevail on their statute of limitations defense. The motion fails.

## C. The Complaint sufficiently alleges Enttech's secondary liability for infringing the copyrights in the Subject Photograph

Enttech's challenge to Kuhmstedt's secondary liability claims fail because (1) Enttech failed to comply with this Court's L.R. 7-3 with respect to those arguments, and (2) they are sufficiently pled.

The failure to comply with L.R. 7-3 may result in the striking or denial of the motion. *James R. Glidewell Dental Ceramics, Inc. v. Philadelphia Indem. Ins. Co.*, No. CV-16-01155, 2016 WL 9223782, at *1 (C.D. Cal. Sept. 12, 2016); *see also Access Ins. Co. v. Peralta*, No. CV15622, 2015 WL 13036938, at *1 (C.D. Cal. Oct. 13, 2015) (striking motion for failure to satisfy L.R. 7-3); *Unicorn Glob., Inc. v. Hillo Am., Inc.*, No. CV-1903028, 2021 WL 1034838, at *1–4 (C.D. Cal. Feb. 12, 2021) (denying motion because two emails sent prior to filing "f[ell] well short of" satisfying L.R.7-3); *Edmond v. City of Los Angeles*, No. 2:20-CV-06636, 2021 WL 6102474, at *1–2 (C.D. Cal. Sept. 23, 2021) (denying motion because contacting opposing counsel "only four days before the deadline" and "providing a two-sentence

summary" of intended arguments failed to satisfy L.R. 7-3). The purpose of Local Rule 7-3 is not merely to provide notice of a pending motion, but to encourage parties to discuss their respective positions and identify any common ground. This is an essential step to conserve limited judicial resources. *See, Cerelux Ltd. v. Yue Shao,* 2017 WL 4769459, *1 (C.D. Cal. June 9, 2017) (explaining that "[t]he meet-and-confer requirements of Local Rule 7-3 assists in promoting the resolution of disputes without requiring the intervention of the Court" and "provid[es] the opposing party sufficient notice as to the contents of a proposed motion and an opportunity to negotiate on the hearing date"). Enttech failure to raise the alleged defects with Kuhmstedt's secondary liability claims or DMCA 1202 claims during its meet and confer communications, prevented any discussion towards a resolution.

Enttech does not bother to support its representations as to the parties' pre-Motion communications with a declaration from either Enttech or its counsel. Motion p. i at 11-12. Counsel for Enttech did confer with Kuhmstedt's counsel Frank R. Trechsel telephonically and via email, but any perceived defects in Kuhmstedt's secondary liability claims or his 17 U.S.C. § 1202 claims *were not discussed.* Trechsel Decl. Trechsel Decl. ¶1. Following the call, Enttech's meet and confer efforts consisted largely of highly unprofessional personal attacks regarding Kuhmstedt's efforts to protect his copyrighted works from infringement. Trechsel Decl. Trechsel Decl. ¶1-4, Ex. 1, 2. Enttech's counsel's conduct failed to satisfy the requirements of Local Rule 7-3, and certainly were not aimed to promote resolution. Exemplars of Enttech's counsel's personal attacks and baseless legal positions (rather than attempts at resolution) are below:

1: "I want you to know that I will make sure to embarrass you personally, Frank, if you move forward with this case. Your name will always be associated with this case for your whole career. I know the owner of the business Scott doesn't care because he is already made and about to retire. He doesn't care about your career, but

trust me this isn't what you want to do with your career. This case is embarrassing to file and you don't want your name associated with it for life, Frank."

2: "If I need to work on this any more I will gag. Can you confirm that you will dismiss this dumpster fire?"

3: "Frank, I am distributed that you didn't accept my offer for a walk away. Scott doesn't care about your career. He goes through associated like tissue paper. You don't want to be on this docket three years from now. It will haunt you. Take the walk away while you still can. It's the best thing for your life and career, trust me."

4: Addressed to Scott Alan Burroughs – "Honestly, take the walk away if you can't handle some tough talk. If you are such a wimp you need to tell your mommy I ruffled your feathers, then it will only confirm what I already know – you are just a liiiiiitle kitty cat underneath all that cashmere."

5: "Honestly, this case does not appear to advance or promote any legitimate artistic expression whatsoever, and it doesn't appear that any effort is even made to put any lipstick on the pig. Can you at least pretend this case is legitimate?"

Trechsel Decl. ¶¶2-4, Exhs. 1-2.

This abhorrent behavior goes beyond "zealous representation" and constitutes harassment and a breach of this Court's Civility Guidelines, which prohibits counsel from acting "in an abusive manner or indulging] in any offensive conduct" when communicating with adverse counsel. See Section B(1), at https://www.cacd.uscourts .gov/attorneys/admissions/civility-and-professionalism-guidelines#Lawyer's %20Duties%20to%20Other%20Counsel (last visited March 21, 2022). While Enttech's counsel's offensive phone calls and emails ran afoul of the Civility Guidelines, they certainly did not mention Kuhmstedt's secondary liability claims, or his claims based on 17 U.S.C. § 1202. Enttech has thus failed to satisfy its obligations under L.R. 7-3. So owing, this court should strike (or deny with prejudice) Enttech's arguments as to Kuhmstedt's secondary liability claims and DMCA claims. *See*

1   *Jackson v. Jonwill LLC*, No. 2:20-CV-00883, 2021 WL 5015632, at *1–2 (C.D. Cal.
2   Feb. 25, 2021).

3       Should this Court consider Enttech's challenge to Kuhmstedt's secondary
4   liability claims notwithstanding Enttech's failure to meet and confer (not to mention
5   its failure to act with appropriate professionalism and civility), it should still deny this
6   motion However, even if the court considers those arguments, they still fail because
7   Kuhmstedt sufficiently alleged secondary infringement.

8       A defendant "contributorily infringes when he (1) has knowledge of another's
9   infringement and (2) either (a) materially contributes to or (b) induces that
10   infringement." *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 795 (9th Cir.
11   2007). Here, Kuhmstedt pleads that Enttech "knowingly induced, participated in,
12   aided and abetted in and profited from the illegal reproduction and distribution of the
13   Subject Photograph as alleged hereinabove" Comp. ¶ 25. These allegations plausibly
14   plead that Enttech had knowledge of other affiliate media companies' own acts of
15   infringement and contributed to or induced those acts. And since information
16   regarding these other potential infringements is "particularly within" the possession
17   of Enttech, plaintiff need not further plead such facts. *Friedman v. Live Nation
18   Merch., Inc*., 833 F.3d 1180, 1189 (9th Cir. 2016). This rule "accords with ... our
19   general precedent that fairness dictates that a litigant ought not have the burden of
20   proof with respect to facts particularly within the knowledge of the opposing party."
21   *Id.* quoting *Adobe Systems Inc. v. Christenson*, 809 F.3d 1071, 1079 (9th Cir. 2015).
22   Kuhmstedt's allegations are sufficient at this stage of litigation.

23       A defendant vicariously infringes a copyright when he "derive[s] a direct
24   financial benefit from the infringement and ha[s] the right and ability to supervise the
25   infringing activity." *Ellison v. Robertson*, 357 F.3d 1072, 1078 (9th Cir. 2004). Here,
26   Kuhmstedt alleges that Enttech "had the right and ability to supervise the infringing
27   conduct and because they had a direct financial interest in the infringing conduct."

28

1   Comp. ¶ 26. Kuhmstedt named Doe defendants in the Complaint as parties "not yet

2   identified who have infringed Plaintiff's copyrights, have contributed to the

3   infringement of Plaintiff's copyrights, or have engaged in one or more of the

4   wrongful practices alleged herein." Comp. ¶ 6. Knowledge regarding third parties

5   who have infringed Kuhmstedt's copyrights at the behest or for the benefit of Enttech

6   is exclusively within Enttech's possession, and therefore, Kuhmstedt is not

7   responsible for alleging facts that are particularly within the Enttech's control.

8   *Friedman,* 833 F.3d 1180, 1889. Kuhmstedt cannot be expected to plead facts

9   relating to the particular roles of each defendant with respect to the creation of the

10  infringing post or its distribution by any Doe third parties until Kuhmstedt can

11  engage in discovery. So owing, dismissal of Kuhmstedt's secondary claims at this

12  early juncture would be premature.

13   **D. Kuhmstedt's DMCA claims are adequately pled**

14       Kuhmstedt's claims under sections 1202 of the DMCA are adequately pled.

15  Section 1202(b) of the DMCA prohibits the "removal or alteration" of "copyright

16  management information" ("CMI"). 17 U.S.C. § 1202(b). Section 1202(b) prohibits

17  both the *intentional* removal of CMI, § 1202(b)(1), as well as the distribution of

18  copyrighted material with *knowledge[3]* that its CMI had been altered or removed. 17 §

19  1202(b)(3); *see also Friedman v. Live Nation,* 833 F.3d 1180, 1188 (9th Cir. 2016).

20   To state a claim under § 1202(b), Kuhmstedt must first allege that his original

21  copyrighted work contained CMI. *Imageline, Inc. v. CafePress.com, Inc.* No. CV 10-

22  9794 PSF MANX, 2011 WL 1322525, at *6 (C.D. Cal. Apr. 6, 2011). CMI, as

23

_____

24  [3] The Ninth Circuit has noted that "whether a party had knowledge of a particular

25  circumstance 'is a question of fact subject to demonstration in the usual ways,

    including inference from circumstantial evidence.'" *Friedman,* 833 F.3d at 1189

26  (addressing CMI claim), citing *Harrington v. Scribner,* 785 F.3d 1299, 1304 (9th Cir.

27  2015), quoting *Farmer v. Brennan,* 511 U.S. 825, 841-42 (1994)).

28

defined by the DMCA, refers to the "title and other information" identifying the work, 17 U.S.C. § 1202(c)(1), or identifying the author of the work, § 1202(c)(2). Additionally, CMI includes "[i]dentifying numbers or symbols referring to such information or links to such information." Section 1202(c)(7).

Here, Kuhmstedt alleges he routinely publishes the Subject Photograph with "attribution, credit and other copyright management information identifying Kuhmstedt as the author." Comp. ¶ 31. Given that these publications identify Kuhmstedt as the author and copyright holder of the Subject Photograph, they constitute CMI as defined by § 1202(c). Kuhmstedt's allegations are thus sufficient to plausibly allege the existence of CMI.

Then, "[t]o state a claim for removal of CMI under 17 U.S.C. § 1202(b)(1), a plaintiff must allege that a defendant: (1) without authority of the copyright owner or the law; (2) intentionally removed or altered CMI; (3) knowing or having reasonable grounds to know that the removal will induce, enable, facilitate, or conceal an infringement of the federal copyright laws." *Imageline, Inc. v. CafePress.com, Inc.,* No. CV 10-9794 PSF MANX, 2011 WL 1322525, at *6 (C.D. Cal. Apr. 6, 2011).

Here, Kuhmstedt alleges Enttech "removed Kuhmstedt's [CMI] from the Subject Photograph, and/or added false copyright management information to the Subject Photograph, before distributing and publishing same to the public." Comp. ¶ 32. He goes on to allege Enttech "knowingly provided and/or distributed false copyright management information in violation of 17 U.S.C. § 1202(a)." Comp. ¶ 35. Specifically, Enttech "distributed and published the Subject Photograph via websites bearing the URL(s) depicted in Exhibit B [to the Complaint], under its own name, and removing Kuhmstedt's attribution information including without limitation his name and/or metadata." Comp. ¶ 33. Together, these allegations support the plausible inference that Enttech removed Kuhmstedt's CMI while knowing that such actions would "facilitate or conceal" their infringement. *See Greg Young Publ'g, Inc. v. Café*

*Press, Inc.* No. CV 15-06013-MFW-AJWX, 2016 WL 6106752, at *5 (C.D. Cal. Jan. 25, 2016).

Kuhmstedt also states a claim under 17 U.S.C. § 1202(b)(3), under which he must allege that Enttech: "(1) without authority of the copyright owner or the law; (2) distributed works of copies of works; (3) knowing that CMI has been removed or altered." *Imageline, Inc.,* 2011 WL 1322525, at *6. Here, Kuhmstedt alleges that Enttech "knowingly provided and/or distributed false copyright management information," (Comp. ¶ 35), and distributed and published the Subject Photograph "under its own name" (Comp. ¶ 33). These allegations support the inference that Enttech distributed the Subject Photograph knowing that they contained false and fraudulent CMI.

In *Friedman,* the Ninth Circuit held that the inference of knowledge drawn from the juxtaposition of (strikingly similar) photographs was *alone* sufficient to raise a triable issue of material fact for purposes of § 1202(b)(3). *Friedman v. Live Nation,* 833 F.3d 1180, 1189 (9th Cir. 2016). The court reasoned that:

> How Live Nation came to possess Friedman's photographs – and thus whether it had knowledge that the CMI had been removed – is a fact "particularly within" Live Nation's knowledge. It would be unfair to burden Friedman at the summary judgment stage with proving that knowledge with greater specificity…

*Id.* Enttech does not appear to dispute that it published identical copies of the Subject Photograph. This alone is sufficient to state a claim under § 1202(b)(3). As noted in *Friedman,* it would be "unfair" to require more at the summary judgment stage, let alone at this early juncture.

Kuhmstedt has thus stated a claim for CMI removal under 17 U.S.C. § 1202. Accordingly, the Motion should be denied.

**E. Enttech's conduct warrants sanctions pursuant to 28 U.S.C. § 1202**

1    Enttech's counsel has conducted himself in an unreasonable and vexatious

2  manner, leading to the waste of judicial resources and multiplying the proceedings.

3    Title 28 U.S.C. § 1927 provides that "[a]ny attorney . . . who so multiplies the

4  proceedings in any case unreasonably and vexatiously may be required by the court

5  to satisfy personally the excess costs, expenses, and attorneys' fees reasonably

6  incurred because of such conduct." See *Pac. Harbor Capital, Inc. v. Carnival Air

7  Lines, Inc.,* 210 F.3d 1112, 1117 (9th Cir. 2000) ("Section 1927 authorizes the

8  imposition of sanctions against any lawyer who wrongfully proliferates litigation

9  proceedings once a case has commenced."). Sanctions under § 1927 may be imposed

10  when: (1) the attorney unreasonably multiplied the proceedings; (2) the attorney's

11  conduct was unreasonable and vexatious; and (3) the conduct caused an increase in

12  the cost of the proceedings. See 28 U.S.C. § 1927; *B.K.B. v. Maui Police Dep't*, 276

13  F.3d 1091, 1107 (9th Cir. 2002). For sanctions to apply under § 1927, the court must

14  make a determination of recklessness. See *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir.

15  2001) (holding that "recklessness suffices for § 1927" sanctions).

16    In addition, federal "courts have inherent power to [enter sanctions] . . . when a

17  party has... engaged in conduct utterly inconsistent with the orderly administration of

18  justice." *Fjelstad v. Am. Honda Motor Co., Inc*., 762 F.2d 1334, 1338 (9th Cir. 1985);

19  see *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.,* 982 F.2d 363, 368 (9th

20  Cir. 1992) ("Courts are invested with inherent powers that are 'governed not by rule

21  or statute but by the control necessarily vested in courts to manage their own affairs

22  so as to achieve the orderly and expeditious disposition of cases.'"). This inherent

23  power is not limited by overlapping statutes or rules. See *Chambers v. NASCO, Inc.,*

24  501 U.S. 32, 49, 111 S.Ct. 2123, 2135 (1991) ("[T]he inherent power of a court can

25  be invoked even if procedural rules exist which sanction the same conduct."). The

26  court has inherent power to impose monetary sanctions when an attorney has "acted

27

28

1  in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id*. at 45-46, 111 S.Ct.

2  at 2133.

3      As discussed, *supra,* in section III(C), Enttech's counsel's meet and confer

4  efforts amounted to little more than an effort to harass Kuhmstedt into dismissing this

5  case without actually raising any valid deficiencies with Kuhmstedt's Complaint. The

6  only issues raised – the copyright registration and the statute of limitations – were

7  readily shown to be meritless. Indeed, Enttech's counsel knew Kuhmstedt's

8  allegation regarding his copyright registration had merit because he *reviewed* the

9  registration that corresponded to Kuhmstedt's pleading. Trechsel Decl. ¶2, Ex. 1. Yet

10 he knowingly misrepresents to this Court that Kuhmstedt's allegations are

11 insufficient or false. Likewise, Enttech's position regarding the statute of limitations

12 is baseless under well-established Ninth Circuit law. Indeed, Kuhmstedt's counsel

13 provided applicable case law on the "discovery rule" debunking the reversed decision

14 Enttech relied on but received nothing but personal attacks in response. Trechsel

15 Decl. ¶3, Ex. 1.

16     Meanwhile, Enttech's position with respect to Kuhmstedt's secondary liability

17 and DMCA claims were not even discussed. Enttech's unreasonable and reckless

18 behavior vexatiously and unreasonably multiplied the proceedings by forcing the

19 court to hear and rule upon frivolous issues Enttech knows to be false or meritless.

20     Enttech's counsel, an attorney with 17 years of experience and his own law

21 firm, spent an inordinate amount of time harassing Kuhmstedt's counsel, an attorney

22 in his sixth year of practice. He sent numerous grossly unprofessional emails. When

23 his bullying failed, he relied on a district court case that he knew (or should have

24 known) was overturned by the Ninth Circuit and filed a motion that he knew to be

25 precluded by binding Circuit law. In that Motion, he included arguments that were

26 never raised during the Rule 7-3 conference. In aggregate, this wholly improper

27 conduct resulted in a substantial and unfortunate amount of time being wasted by

28

Kuhmstedt, his counsel, and the Court. Sanctions are warranted and Kuhmstedt respectfully requests that the Court set an Order to Show Cause re Sanctions to address this matter.[4]

**F. Kuhmstedt should be granted leave to amend**

Should the court find Kuhmstedt has failed to sufficiently allege any of his claims in his Complaint, he respectfully requests leave to amend his pleadings . Such leave should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). Plaintiff has not amended his Complaint, and with the benefit of a ruling on these issues will be capable of amending in order to rectify any deficiencies identified by the court. See *Loreley Fin. v. Wells Fargo Secs.*, LLC, 797 F.3d 160, 190 (2d Cir. 2015) ("Without the benefit of a ruling, many a plaintiff will not see the necessity of amendment or be in a position to weigh the practicality and possible means of curing specific deficiencies."). Amendment would not be futile here because Kuhmstedt can amend to clarify his allegations regarding his own publication of the Subject Photograph including when, where, and with what CMI it has had when published. Kuhmstedt can plead further facts upon which to base his allegations of use of the Subject Photograph by Enttech including greater specificity regarding Enttech's secondary liability and CMI removal. Plaintiff's amendments would not be futile, and is not brought with undue delay, as no party has yet answered in this action. Therefore, leave should be granted here.

//

//

---

[4] As noted above, this would represent the *second* such Order to Show Cause in the *four* copyright cases handled by Tauler Smith over the last seven years.

17

## IV.   CONCLUSION

Because the Complaint contains sufficient allegations to state a claim for copyright infringement, secondary liability through vicarious and contributory infringement, and violations of DMCA 17 U.S.C. § 1202 this Motion should be denied.

Respectfully submitted,

Dated: March 21, 2022         By:    */s/ Frank R. Trechsel*
                                      Scott Alan Burroughs, Esq.
                                      Frank R. Trechsel, Esq.
                                      DONIGER / BURROUGHS
                                      Attorneys for Plaintiff

18