Robert Tauler (SBN 241964)
rtauler@taulersmith.com
Gil Peles, Esq. (SBN 238889)
gpeles@taulersmith.com
Valerie Saryan (SBN 297115)
vsaryan@taulersmith.com
TAULER SMITH LLP
626 Wilshire Boulevard, Suite 510
Los Angeles, California 90017
Tel: (310) 590-3927

*Attorneys for Defendant*
ENTTech Media Group, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNHARD KÜHMSTEDT, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>ENTTECH MEDIA GROUP, LLC, a Delaware limited liability company d/b/a "PAPERMAG.COM"; and DOES 1-10, inclusive<br><br>Defendant. | Case No. 2:21-cv-10032-SVW-JEM<br><br>**DEFENDANT ENTTECH MEDIA GROUP, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Hearing Date: April 11, 2022<br>Time:    1:30 pm<br>Place:    350 W. 1st Street<br>    Courtroom 10A<br>    Los Angeles, CA 90012<br><br>Hon. Stephen V. Wilson |

Plaintiff's Opposition to Defendants' Motion to Dismiss is primarily designed to avoid the merits of the moving papers, which make a clear-cut case for dismissal, based on Plaintiff's failure to allege basic facts relating to the decades-old image of Janet Jackson, including (1) how the image was registered; (2) when the alleged infringement was discovered, (3) which "third parties" were involved in the claim for "vicarious *and/or* contributory infringement" (emphasis added) and (4) the basis for Plaintiff's claim for knowing violations of the DMCA.

The straightforward arguments advanced in the moving papers are not met squarely in the Opposition, and often are not addressed at all.  Instead, the Opposition (which is twice as long as the moving papers) takes inconsistent positions and mostly is based on irrelevant and extraneous facts.[1] This is plainly improper. See *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)(In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice.")

For this reason, the Court should disregard all of Plaintiff's improper arguments that rely on (1) extra-judicial facts and evidence; (2) the declaration of Plaintiff's counsel; (3) statements made by parties' counsel in informal emails exchanged prior to the Motion filing; (4) settlement communications between parties' counsel; and (5) case law that was solely raised or referenced in emails between parties' counsel (*not* in the Motion itself).

When only the arguments raised in the moving papers are left, there is only one conclusion.  The Court should grant Defendant's Motion to dismiss.

**I.     Defendant Properly Met and Conferred Pursuant to L.R. 7-3.**

Plaintiff wrongly contends Defendant failed to meet and confer on all of the issues raised in the Motion. Local Rule 7-3 states that at least 7 days prior to filing, "counsel

---

[1] Plaintiff is aware that extra-judicial facts outside the four corners of the Complaint cannot be relied on in a 12(b)(6) motion (see Opposition at 11:17-27)(arguing that citations to Mr. Kuhmstedt's twenty-eight (28) other copyright cases should not be called to the Court's attention) yet relies on declarations and emails to oppose the Motion.

contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution" and requires a statement in the notice of motion "[i]f the parties are unable to reach a resolution which eliminates the necessity for a hearing." Defendant complied with this rule as detailed in the Notice of Motion (Dkt. 14 at pg. 2 of 13)("this Motion is made following the conferences of counsel which took place on February 2, 2022") and Plaintiff's own exhibits (*See*, Dkt. 16-3 at Page 6 of 11 (February 2 email stating "Hi Frank, thank you for the call"); (*See also*, Dkt. 16-3 at Page 2 of 11 "I consider out meet and confer closed w/r/t a rule 12 or rule 56 motion, unless you would like me to expand on what we discussed today.").

Notably, no meet and confer was ever undertaken for Plaintiff's diversionary sanctions requests made in its Opposition.

## II. **Plaintiff Fails to Provide Valid Copyright Registration.**

Plaintiff's Complaint does not identify the Subject Photograph's copyright registration number or the Certificate of Registration. Plaintiff argues that Defendant "invents this legal requirement without citing any authority" (Opposition at 8:12-13), which plainly ignores the authority cited in Defendant's Motion at p. 4:21-5:9.

Plaintiff's argument that the Complaint sufficiently alleges valid registration relies on outside evidence, including email correspondence between counsel, statements made by Defendant's counsel about the registration (not even Plaintiff's), and a declaration by Plaintiff's counsel. This is wholly improper for a Motion to Dismiss, and must not be considered by the Court.

Plaintiff argues that "[d]uring the meet and confer over this motion, Kuhmstedt provided Enttech with the registration number for the Subject Photograph and Enttech's counsel reviewed the entry for that number" (Opposition at 8:14-16). This is an inaccurate statement of the facts. Additionally, communications between counsel do not change the allegations made in the Complaint, which need to be sufficiently pled.

Regardless of Plaintiff's arguments solely supported by extra-judicial evidence, the Complaint itself does not identify the registration number and does not include the Certificate of Registration for the Subject Photograph, and there really is no reasonable explanation why Plaintiff refuses to provide this proof in any form. Without the registration number, Defendant cannot look up the copyright registration record to determine when the photo was registered, when it was created, or who currently owns the registration – all of which determine the merits of the claims and value of the case. Instead, Defendant is forced to litigate this case through discovery stage, at which point, after time and resources are expended, it will finally obtain this basic information that will show whether Plaintiff actually has standing, whether the statute of limitations expired, and whether Plaintiff is entitled to certain requested damages. The only party wasting the Court's and parties time in this case is Plaintiff, not Defendant.

Thus, Plaintiff's claim must be dismissed for failure to sufficiently plead valid copyright registration of the Subject Photograph.

### III.    Plaintiff's Claims Are Time Barred.

Plaintiff contends, "Enttech cannot establish, especially at the pleading stage, that the statute of limitations bars claims for damages." (Opposition at 9:3-5). Plaintiff relies on inapplicable non-copyright infringement cases to support its arguments concerning dismissals based on statute of limitations. Plaintiff contends that the discovery rule applies, but cannot identify any allegation in the Complaint where Plaintiff says when or how he discovered the alleged infringement.

Further, Plaintiff does not address the case law raised in Defendant's Motion where court's ruled that a reasonable copyright holder should have discovered its copyright was violated during the 3 year statute of limitations. See *Minden Pictures, Inc. v. Buzzfeed, Inc.,* 390 F. Supp. 3d 461,467 (S.D.N.Y. 2019)("[a]s a serial litigator who aggressively defends his rights, Plaintiff should reasonably be on notice regarding potential infringement of photos by media companies," and notes that Plaintiff has filed seventy-seven copyright infringement cases since 2017).

Plaintiff does not address Defendant's argument that Plaintiff, who is a serial litigator who aggressively defends his rights reasonably should be on notice of potential infringement, especially by a media company who allegedly published the Subject Photograph over six years ago. Plaintiff intentionally ignores this argument because he contends that the citations to all 28 copyright cases Plaintiff filed since August 2019 is extrinsic evidence outside the pleadings, but case law is not extrinsic evidence. (See Opposition at 11:17-12:2).

Plaintiff only cites nonbinding case law from different circuits to support its contention that Plaintiff has no duty to police his work. Plaintiff does not address any Ninth Circuit law on the issue because there is none that supports their argument. Plaintiff admits that he intentionally omitted allegations as to how and when he discovered the allegedly infringing photograph, so Defendant is forced to litigate the case until discovery to find out if the claims are time-barred. (Opposition at 12-13).

## IV. Plaintiff's Second Claim for Vicarious and/or Contributory Liability Should Be Dismissed Without Leave to Amend.

Plaintiff's second claim does not identify any knowledge of a third party infringement, or any third party – the claim is purely a speculation that Defendant might be vicariously liable for an unknown party's infringement of the Subject Photograph. Plaintiff admits it does not have any knowledge any of these allegations actually occurred, and contends he "cannot be expected to plead facts…until [he] can engage in discovery." (Opposition at 17:8-11). Indeed, the allegations are so vague that the two claims for vicarious infringement and contributory infringement are combined together in the Complaint, which Plaintiff fails to address in his Opposition.

Plaintiff does not justify the vagueness of the allegations, and merely makes conclusory arguments, for example, in justifying the sufficiency of pleading that ENTTech "knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photograph as alleged hereinabove (Comp. ¶ 25)," Plaintiff reasons, "[t]hese allegations plausibly plead that Enttech had

knowledge of other affiliate media companies' own acts of infringement and contributed to or induced those acts." (Opposition at 16). Plaintiff's argument fails because the Complaint does not mention anything about "other affiliate media companies" and there is nothing in the Complaint as to who these companies could possibly be, or what acts of infringement were made that Plaintiff is referencing (or where this alleged infringement exists and when it was allegedly made). See *Free Speech Sys., LLC v. Menzel*, 390 F. Supp. 3d 1162, 1173 (N.D. Cal. 2019)(dismissal of contributory infringement claim where not sufficiently pleaded because nowhere in the complaint does plaintiff identify the third-party direct-infringer and because plaintiff states no facts that could plausibly suggest defendant knew of the action of that third-party.) These allegations are completely insufficient, and nothing more than conclusory recitation of the elements of the claim itself, with no identifying facts pertaining to Defendant.

To support Plaintiff's pleading that ENTTech "had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct." Comp. ¶ 26." (Opposition at 16:26-17:1), Plaintiff argues that this specific allegation is sufficient because Plaintiff "named Doe defendants in the Complaint as parties" and that knowledge of these third parties "is exclusively within Enttech's possession and therefore, Kuhmstedt is not responsible for alleging facts that are particularly within the Enttech's control." (Opposition at 17:6-7). Based on this reasoning, claims could never be dismissed for insufficiency because a plaintiff could merely disclaim responsibility to allege any sufficiency based on the notion that any and every claim alleged is exclusively within the defendant's possession. Even more confusingly, Plaintiff goes on to contend, "Kuhmstedt cannot be expected to plead facts relating to the particular roles of each defendant with respect to the creation of the infringing post or its distribution by any Doe third parties until Kuhmstedt can engage in discovery." (Opposition at 17:8-11). Here, Plaintiff admits it has no factual basis of any third party infringement to which Defendant is vicariously liable, and will not know until discovery. Plaintiff cannot plead claims to which it *thinks* Defendant might be liable for,

but has no basis at the time to make, and admits it will not know until discovery is conducted. Thus, Plaintiff's second claim must be dismissed.

## V. Plaintiff's Third Claim for Violations of 17 U.S.C. §1202 Should Be Dismissed Without Leave to Amend.

Plaintiff does not address Defendant's contention that his allegations merely parrot the language of the statute, so much so that Plaintiff does not actually plead what CMI the Subject Photograph had at the time of the alleged infringement, and what CMI Defendant is alleged to have removed, if any. Instead, Plaintiff makes vague conclusory allegations that do not provide sufficient factual allegations for Defendant to know exactly what Defendants are alleged to have done. For example, Plaintiff alleges "The Subject Photograph was routinely published with attribution, credit, and other copyright management information identifying Kuhmstedt as the author" (Comp. ¶ 31) then goes on to allege that Defendant removed "Kuhmstedt's attribution information, including without limitation his name and/or metadata" (Comp. ¶ 33), but does not actually state what CMI the Subject Photograph actually had at the time of the alleged infringement, and what exactly was allegedly removed (ie, was it metadata? A name? a watermark?), which is insufficient to state a claim. See *Free Speech Sys., LLC v. Menzel*, 390 F. Supp. 3d 1162, 1175 (N.D. Cal. 2019)("Without identifying what CMI FSS allegedly distributed or how that was distributed, and without identifying what CMI was removed prior to distribution and how that distribution was accomplished by defendants, Menzel has likewise failed to state a claim under Section 1202(b)(2) and (b)(3)"). The Complaint cannot support a plausible inference of intent or knowledge if Plaintiff did not even identify what CMI the Subject Photograph actually had at the time, and what CMI Defendant allegedly removed. Plaintiff supports his argument that there is an inference of knowledge because the photographs are allegedly "identical copies" but this reasoning is improperly supported by a case involving a motion for summary judgment, where the court's ruling pertained to proving knowledge, not pleading knowledge. (See Opposition 19:12-24 citing *Friedman v. Live Nation*, 833 F.3d 1180, 1189 (9th Cir. 2016)).

Moreover, the Court does not accept as true any unreasonable inferences or legal conclusions cast in the form of factual allegations. *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003).

Thus, Plaintiff's third claim must be dismissed.

## VI. **Plaintiff's Motion for Sanctions Pursuant to 28 U.S.C. §1202 [Sic] Is Improper and Must Be Denied.**

Plaintiff improperly included a request for sanctions under 28 U.S.C. §1202, although it appears from the Opposition that sanctions are sought pursuant to 28 U.S.C. §1927. Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." As the Court is aware, Defendant has only filed a motion to dismiss. Therefore it cannot be legitimately claimed that the proceedings have in any way been "multiplied" "vexatiously" by virtue of various emails prior to the filing of the present motion that point out Plaintiff's litigation history and the weakness of Plaintiff claims.[2] *In re Keegan Management, Securities Litigation*, 78 F.3d 431, 435 (9th Cir. 1996)("Because the section authorizes sanctions only for the 'multipli[cation of] proceedings,' it applies only to unnecessary filings and tactics once a lawsuit has begun."). Further, Plaintiff fails to show Defendant's counsel acted with bad faith or recklessness, as required for imposition of these sanctions. See *T.W. Electrical Service,*

---

[2] The alleged vexatious and unreasonable conduct alleged against defense counsel should also be viewed in its proper context, namely Plaintiff's counsel's history of filing hundreds of identical cases, thereby multiplying the work of district courts across the country. For this Plaintiff's counsel has been dubbed the "king of copyright trolls," (https://anneofcarversville.com/fair-use/2021/9/13/fed-up-with-copyright-troll-stephen-doniger); See also, (https://www.hollywoodreporter.com/business/business-news/has-man-sued-you-a-copyright-troll-takes-hollywood-1099156/ Plaintiff's counsel noting that he has filed more copyright claims than anyone in the country); (https://www.techdirt.jom/2019/03/04/tyranny-copyright-how-once-humble-legal-issue-has-tormented-generation-speech/ Plaintiff's counsel dubbed "one of the go to voices for pushing the most absurd copyright theories out there").

*Inc. v. Pacific Electrical Contractors Ass'n*, 809 F.2d 626, 124 L.R.R.M. (BNA) 2575, 106 Lab. Cas. (CCH) ¶ 12374, 1987-1 Trade Cas. (CCH) ¶ 67433, 1987 U.S. App. LEXIS 1732 (9th Cir. 1987)(Law of circuit required that imposition of costs and fees under 28 USCS § 1927 be made only on finding that attorney acted recklessly or in bad faith.)

It is the law in this district that "[a[n opposition is not a proper vehicle for requesting such relief." *Aguirre v. Genesis Logistics*, SACV 12-00687-JVS (ANx), (C.D. Cal. Jun. 16, 2015). Additionally, Plaintiff improperly included the request for sanctions in its Opposition brief to the Motion to Dismiss instead of separately filing a noticed motion under L.R. 7-4 and failed to meet and confer pursuant to L.R. 7-3. Plaintiff's request for sanctions appears to be a way to introduce extraneous evidence that is no way relevant to the motion. The Court should not allow such an end-around settled law and procedure.

For these reasons, the Court must deny Plaintiff's request for sanctions.

## VII. Conclusion.

For the foregoing reasons, the Court should deny Plaintiff's request for sanctions, grant Defendant's Motion, and dismiss all of Plaintiff's claims with prejudice.

DATED: March 28, 2022          TAULER SMITH LLP

                                            By:   */s/ Robert Tauler*
                                                  Robert Tauler, Esq.
                                                  Attorneys for Defendant
                                                  ENTTech Media Group, LLC

8
REPLY IN SUPPORT OF MOTION TO DISMISS

# **CERTIFICATE OF SERVICE**

    I hereby certified that I served the foregoing document on all parties of record through the Court's CM/ECF system.

DATED: March 28, 2022        TAULER SMITH LLP

By:  */s/ Robert Tauler*
      Robert Tauler, Esq.
      Attorneys for Defendant
      ENTTech Media Group, LLC