UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-10032-SVW-JEM | Date | 4/11/2022 |
| Title | *Bernhard Kuhmstedt v. Enttech Media Group, LLC et al.* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:** ORDER GRANTING MOTION TO DISMISS [14]

Before the Court is Defendant's motion to dismiss. For the reasons below, the motion is granted, and Plaintiff's complaint is dismissed with leave to amend.

**I.    Background**

Plaintiff Bernhard Kumstedt is a professional photographer. Compl. ¶ 8, ECF No. 1. Plaintiff alleges that he took a photograph of the musician Janet Jackson and obtained a copyright registration for that photograph. *Id.* ¶¶ 9-11. Plaintiff brought this suit for copyright infringement, alleging that Defendant ENTtech Media Group, LLC, which operates the website Papermag.com, violated his copyright by copying and sharing the photograph on its website without Plaintiff's permission or authorization. *Id.* ¶¶ 5, 13-15. Plaintiff brought three claims: one claim for direct copyright infringement, one claim for "vicarious and/or contributory" copyright infringement, and one claim for violation of the Digital Millennium Copyright Act (DMCA) (codified at 17 U.S.C. § 1202 *et seq.*). *Id.* ¶¶ 17-35.

Defendant brought the instant motion to dismiss, offering three arguments. First, Defendant argues that Plaintiff's claims are time-barred. Mot. to Dismiss 3-5, ECF No. 14 ("MTD"). Second, Defendant argues that Plaintiff's copyright infringement claim fails because he did not identify the registration number for his copyright. *Id.* at 2. And third, Defendant contends that Plaintiff's vicarious/contributory infringement and DMCA claims lack sufficient factual allegations. *Id.* at 5-9.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-10032-SVW-JEM | Date | 4/11/2022 |
|---|---|---|---|
| Title | *Bernhard Kuhmstedt v. Enttech Media Group, LLC et al.* | | |

Plaintiff does not merely contest these arguments, but instead counters that these arguments are *so* frivolous that Defendant's counsel should be sanctioned pursuant to 28 U.S.C. § 1927 or the Court's inherent power for unprofessional conduct and for unreasonably or vexatiously prolonging this case. Opp. to MTD 14-17, ECF No. 16.

### II. Legal Standards
#### a. Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). Thus, "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

#### b. Sanctions

Under 28 U.S.C. § 1927, a court may sanction an attorney who "multiplies the proceedings in any case unreasonably and vexatiously" by requiring the attorney to "satisfy personally the excess costs, expenses, and attorneys' fees" that the other party reasonably incurred because of their conduct.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-10032-SVW-JEM | Date | 4/11/2022 |
|---|---|---|---|
| Title | *Bernhard Kuhmstedt v. Enttech Media Group, LLC et al.* | | |

While a finding of bad faith is required for a court to impose sanctions under its inherent power, under § 1927, sanctions may be imposed when an attorney knowingly or recklessly raises a frivolous claim. *Lahiri v. Universal Music & Video Distrib. Corp.*, 606 F.3d 1216, 1219 (9th Cir. 2010); *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1107 (9th Cir. 2002).

Similarly, courts possess "inherent powers" that they may use to sanction the "willful disobedience" of their orders or to punish "bad faith" or vexatious conduct. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991). A court's inherent powers are primarily a tool to address sanctionable conduct that does not fall within the bounds of other statutes or rules; the Supreme Court has cautioned that where bad faith conduct could be "adequately sanctioned" through these other mechanisms, a court should "ordinarily" rely on those mechanisms rather than its inherent power. *Id.* at 50.

### III. Analysis

As discussed below, Plaintiff's claims are dismissed with leave to amend. First, the Court concludes that Plaintiff was not required to plead his copyright registration number as part of his direct infringement claim, and there is no warrant to dismiss the claim on that basis. As for Plaintiff's other two claims, the Court concludes that Plaintiff's second claim for vicarious or contributory infringement lacks the requisite factual allegations, however the third claim for DMCA violations is adequately pled. Separately, the Court concludes that Plaintiff's claims facially appear to be time-barred since he has failed to offer any allegations that suggest the delayed accrual of his claims under the discovery rule.

Accordingly, Plaintiff's complaint is dismissed with leave to amend so that Plaintiff may (1) add factual allegations regarding infringement by *other* entities besides Defendant, so as to support his second claim for vicarious or contributory liability, and (2) add factual allegations regarding his discovery of Defendant's alleged infringement, so as to support the applicability of the discovery rule.

#### a. Claim 1: Direct Copyright Infringement

Defendant argues that Plaintiff's first claim for direct copyright infringement must be dismissed because he failed to plead a valid copyright registration number for the photo in question.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-10032-SVW-JEM | Date | 4/11/2022 |
| Title | *Bernhard Kuhmstedt v. Enttech Media Group, LLC et al.* | | |

Outside of certain exceptional circumstances that are not applicable here, registration of a copyright is "akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights." *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S.Ct. 881, 887 (2019). Thus, generally speaking, a plaintiff is "required to show registration as an element of an infringement claim." *Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 988 (9th Cir. 2017). Further, a registration certificate constitutes prima facie evidence of the validity of the copyright and the plaintiff's ownership of it. *Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*, 345 F.3d 1140, 1144 (9th Cir. 2003).

Accordingly, a plaintiff will generally have to provide a valid copyright registration number and certificate to ultimate *prove* his claim. However, that does not mean that a plaintiff is required to *plead* the specific registration numbers in the complaint or risk his case being dismissed. *See, e.g., Hybrid Promotions, LLC v. Zaslavsky*, 2016 WL 10988656, *10 (C.D. Cal. Oct. 5, 2016); *Imageline, Inc. v. CafePress.com, Inc.*, 2011 WL 1322525, *3 (C.D. Cal. Apr. 6, 2011).

Here, Plaintiff has alleged that he "created and owns the [] 'Subject Photograph,'" that he is "the sole owner of the exclusive rights, title, interests, and privileges in and to the Subject Photograph," and that the "Subject Photograph is registered with the U.S. Copyright Office." Compl. ¶¶ 9-11. This is sufficient to meet Plaintiff's pleading burden at this stage; Defendant's formalistic contention that Plaintiff was further required to plead the specific registration number of the photograph is unfounded.

**b. Claims 2 and 3: Vicarious/Contributory Infringement and DMCA Violation**

Defendant argues that Plaintiff's second and third claims must be dismissed because they lack the requisite factual allegations to give rise to a claim for relief.

Plaintiff's second claim is styled as one for "vicarious and/or contributory copyright infringement." Contributory and vicarious copyright infringement are two different doctrines of liability. *See Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004). While the elements are slightly different, both doctrines are a means by which a party can be held liable for another's infringing activity. *See id.*

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-10032-SVW-JEM | Date | 4/11/2022 |
| Title | *Bernhard Kuhmstedt v. Enttech Media Group, LLC et al.* | | |

Here, while Plaintiff has offered factual allegations as to Defendant's own *direct* infringement – publishing the photograph on its website without Plaintiff's permission, *see* Compl. ¶¶ 10-15 – the complaint contains no factual allegations detailing how Defendant is connected to the infringing activity of *another*. Indeed, Defendant is the lone named defendant in this case. *See id.* ¶¶ 5-6. It is true that Plaintiff has included unidentified Doe defendants and alleged that "Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photograph as alleged hereinabove" and "are vicariously liable for the infringement alleged herein." *Id.* ¶¶ 6, 25-26. However, these are nothing more than conclusory recitals of the elements of contributory and vicarious infringement; they are not factual allegations that can support a claim for relief. *See Iqbal*, 556 U.S. at 678; *see also Ellison*, 357 F.3d at 1076.

In short, Plaintiff's second claim for contributory or vicarious infringement fails because his complaint is totally devoid of any factual allegations regarding how anyone *besides* Defendant infringed on his copyright. However, because Plaintiff could add such factual allegations consistent with his pleadings, the dismissal of Plaintiff's second claim must be with leave to amend. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

Plaintiff's third claim alleges a violation of the Digital Millennium Copyright Act, codified at 17 U.S.C. § 1202, *et seq.* The DMCA prohibits the intentional falsification, removal, or alteration of "copyright management information" ("CMI") – which includes the title and other information that identifies the work or its author – when a party knows or reasonably should know that it will facilitate infringement of that copyright. 17 U.S.C. § 1202(a), (b). The Act further prohibits the distribution of material when a party knows that its CMI has been altered or removed and knows or reasonably should know that the distribution will facilitate infringement of the copyright. 17 U.S.C. § 1202(c).

Here, Plaintiff has alleged that he "routinely" authorized the photograph for publication with CMI in the form of "attribution, credit, and other copyright management information identifying [Plaintiff] as the author." Compl. ¶ 31. Further, Plaintiff alleges that Defendant (1) removed this CMI by publishing the photograph "under its own name, and removing [Plaintiff's] attribution information" and (2) knowingly distributed the photograph with this CMI removed. *Id.* ¶¶ 32-33.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-10032-SVW-JEM | Date | 4/11/2022 |
|---|---|---|---|
| Title | *Bernhard Kuhmstedt v. Enttech Media Group, LLC et al.* | | |

While Defendant protests that Plaintiff failed to offer non-conclusory allegations that Defendant knew or should have known its actions would facilitate infringement, *see* MTD 9, Plaintiff's allegations are enough to meet his pleading burden in this regard. Plaintiff's allegations support the circumstantial inference that Defendants acted with the knowledge (or even intent) to facilitate infringement of Plaintiff's copyright. It is unreasonable to demand that a plaintiff offer more detailed allegations regarding a defendant's mental state at this early stage before a plaintiff has even conducted any discovery.

    c. **Statute of Limitations**

Defendant also argues that Plaintiff's claims are all time-barred and must therefore be dismissed.

"A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir.2006)).

All three of Plaintiff's claims are brought under Title 17 of the United States Code, which means they are subject to a three-year statute of limitations. *See* 17 U.S.C. § 507(b); *Media Rights Techs., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1022, 1025 (9th Cir. 2019). However, "[u]nder the 'discovery rule,' a copyright infringement claim accrues—and the statute of limitations begins to run—when a party discovers, or reasonably should have discovered, the alleged infringement." *Media Rights Techs., Inc.*, 922 F.3d at 1022.[1]

Here, Plaintiff has attached a screenshot of the alleged infringing content: an article posted on Defendant's website that features Plaintiff's photograph of Janet Jackson. *See* Compl., Ex. B.[2] The article displays a publication date of June 3, 2015 (though it appears the screenshot itself was not taken until September 13, 2021). *See id.*

---

[1] The discovery also applies to Plaintiff's DMCA claim. *See Media Rights Techs., Inc.*, 922 F.3d at 1022
[2] Exhibits attached to the complaint are understood to be a part of the complaint that are properly considered on a motion to dismiss. *Petrie v. Electronic Game Card, Inc.*, 761 F.3d 959, 964 n. 6 (9th Cir. 2014); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1989).

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-10032-SVW-JEM | Date | 4/11/2022 |
| Title | *Bernhard Kuhmstedt v. Enttech Media Group, LLC et al.* | | |

      The Court agrees with Plaintiff that this 2015 publication date does not definitively mean that his claims are time-barred as a matter of law, since, under the discovery rule, the limitations period only began to run once Plaintiff discovered or reasonably should have discovered the publication. *See Media Rights Techs., Inc.*, 922 F.3d at 1022. And while copyright owners do have a "duty of diligence" to investigate potential infringements, that duty is only triggered by some event that calls their attention to the possibility of infringement – it is not some boundless duty to monitor every possible outlet for infringement at all times, as Defendant seems to suggest. *See Starz Entm't, LLC v. MGM Domestic Television Distrib., LLC*, 510 F. Supp. 3d 878 (C.D. Cal. 2021). Thus, it is possible that Plaintiff may have only reasonably discovered the alleged infringement here within the three years prior to bringing this suit, making his claims timely.

      The problem for Plaintiff, however, is that he fails to offer any factual allegations whatsoever that would support this possibility. Plaintiff's complaint is completely devoid of allegations regarding his discovery of Defendant's alleged infringement or any awareness of possible infringement prior to that time. The *only* relevant date that is evident in the complaint is the date of the article's publication: June 3, 2015. Thus, from the face of the complaint, it would appear – at least in the first instance – that the limitations period has expired because Plaintiff has not provided any factual allegations that would support the application of the discovery rule. Accordingly, Plaintiff's claims shall be dismissed with leave to amend so that Plaintiff may add factual allegations regarding his discovery of Defendant's alleged infringement and the applicability of the discovery rule. *See Von Saher*, 592 F.3d at 969 (granting leave to amend where district court dismissed claim on limitations grounds since plaintiff could allege facts consistent with application of the discovery rule).

      **d. Sanctions**

      In his opposition to the motion to dismiss, Plaintiff argues that Defendant's counsel, Robert Tauler, should be sanctioned either under the Court's inherent powers or 28 U.S.C. § 1927. Plaintiff contends that Tauler unreasonably and vexatiously multiplied the proceedings in this case by disregarding the legal arguments Plaintiff's counsel offered during their meet and confer, choosing instead to launch personal attacks on Plaintiff and his counsel, and then filing the motion to dismiss without basis.

                                                                                              :

Initials of Preparer        PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-10032-SVW-JEM | Date | 4/11/2022 |
|---|---|---|---|
| Title | *Bernhard Kuhmstedt v. Enttech Media Group, LLC et al.* | | |

Here, the Court declines to impose sanctions. As discussed above, some of Defendant's arguments in the motion to dismiss were meritorious ones. And even though other arguments were not, a losing argument is not necessarily a sanctionable one. In the Court's view, Defendant's contentions were not so frivolous as to warrant the exercise of the Court's inherent powers or § 1927.

However, the Court does feel compelled to issue a warning to Mr. Tauler regarding his conduct towards Plaintiff's counsel, Frank Trechsel and Scott Burroughs. Tauler's communications with opposing counsel have involved a rather astonishing lack of civility and professionalism. Evidently, Mr. Tauler views Plaintiff's case as frivolous and views Plaintiff's counsel as copyright "trolls." *See* Opp. to MTD, Trechsel Decl., Ex. 1. After Plaintiff rejected an initial settlement offer, Tauler resorted to personally disparaging Plaintiff's counsel. *See id.*

With respect to Mr. Trechsel (who appears to be an associate at his firm), Tauler has alternated between threatening Trechsel on the one hand and disparaging his firm and encouraging Trechsel to leave the firm on the other. In one email, Tauler harangued Trechsel:

> "I want you to know that I will make sure to embarrass you personally, Frank, if you move forward with this case. Your name will always be associated with this case for your whole career. I know the owner of the business Scott [Burroughs] doesn't care because he is already made and about to retire. He doesn't care about your career, but trust me this isn't what you want to do with your career. This case is embarrassing to file and you don't want your name associated with it for life, Frank."

*Id.* Later, Tauler again pressed for Plaintiff to either drop the case or accept the settlement offer, emailing, "Following up on this. If I need to work on this any more I will gag. Can you confirm that you will dismiss this dumpster fire?" *Id.* Tauler further denigrated Mr. Burroughs and his firm, encouraging Trechsel to seek employment elsewhere – even offering to "help" Trechsel get interviews at other firms – and emailing Trechsel,

> "Frank, I am disturbed that you didn't accept my offer for a walk away. Scott doesn't care about your career. He goes through associates like tissue paper. You don't want to

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-10032-SVW-JEM | Date | 4/11/2022 |
|---|---|---|---|
| Title | *Bernhard Kuhmstedt v. Enttech Media Group, LLC et al.* | | |

be on this docket three years from now. It will haunt you. Take the walk away while you still can. It's the best thing for your life and career, trust me."

*Id.*

When Mr. Burroughs interceded to rebuke Tauler for his comments, Tauler sneered, "Did I hurt your feelings" before following up with a full-fledged rant:

"Scott, don't try to pretend it isn't true. You are putting this guy on the front lines and do your slimy work while you do nothing except step in and try to be "tough" so you can keep him as an employee. Frank is getting the impression that law is just a scam you can use to get rich, and your callous attitude is hurting Frank and the profession. Frank doesn't know that he has other options and that not every operation trolls honest companies for a couple grand for thirty year old photos. I get it that you make some good money on massive volume by clogging up our courts, but you know in the end, no matter how much you lie to yourself that are a dross on society. You tell yourself that money is more important than anything in life, but deep down you know it isn't true. No amount of money can fill the hole inside you.

In any case, you shouldn't hurt people like Frank who want to be lawyers because they have a sense of justness and fairness in them, an emotion that you chip away at every day when you make him fight these lame lame lame lame cases to make a couple bucks so you can buy an extra cashmere scarf for yourself. Honestly, take the walk away if you can't handle some tough talk. If you are such a wimp you need to tell your mommy I ruffled your feathers, then it will only confirm what I already know - you are just a liiiiitle kitty cat underneath all that cashmere."

*Id.*

One might think that it goes without saying that such outlandish, vituperative, and disparaging remarks are beyond the bounds acceptable professional conduct for members of the bar, but evidently, Mr. Tauler is in need of a reminder. Mr. Tauler is perfectly free to believe that this case is meritless –

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-10032-SVW-JEM | Date | 4/11/2022 |
|---|---|---|---|
| Title | *Bernhard Kuhmstedt v. Enttech Media Group, LLC et al.* | | |

and to communicate that belief to Plaintiff's counsel – but that is not a license to repeatedly engage in all manner of snide personal attacks. Lawyers who appear before this District are expected to comport themselves with civility and professionalism. *See* C.D. Cal., Civility & Professionalism Guidelines.[3] Having clearly failed to meet this standard thus far in this case, Mr. Tauler should be on notice that the Court expects that he will do so going forward.

Tauler has been repeatedly warned by other courts about his behavior. Little over a year ago, Tauler was repeatedly warned by a Texas court about his "petty and unprofessional" conduct, including "erratic" and "combative" behavior towards the opposing party, as "the essence of what makes the public have low regard for lawyers." *MWK Recruiting, Inc. v. Jowers*, 2021 WL 860002, at *2 (W.D. Tex. Mar. 8, 2021); *MWK Recruiting, Inc. v. Jowers*, 2020 WL 7426711, at *9 (W.D. Tex. Dec. 18, 2020). And before that, Tauler was admonished by the Southern District for similarly launching absurd personal attacks at the opposing party and counsel. *In re Outlaw Labs., LP Litig.*, 2020 WL 7641820, at *4-5 (S.D. Cal. Dec. 23, 2020) (in which Tauler remarked "I know you have daddy issues. So, really, I'm going to be your daddy for the next two years.")

Unfortunately, it appears Mr. Tauler has failed to take those warnings to heart, instead continuing to confuse wanton invective with zealous advocacy. This pattern of behavior is an embarrassment to the profession. The Court can only hope that today's words of caution find a sticking place, lest Mr. Tauler's conduct continue or even worsen such that further action is necessary.

### IV. Conclusion

For the foregoing reasons, Plaintiff's complaint is dismissed with leave to amend so that Plaintiff may add factual allegations that (1) support his second claim for vicarious or contributory liability, and (2) support the applicability of the discovery rule. Plaintiff's amended complaint shall be filed within 14 days.

**IT IS SO ORDERED.**

---

[3] Available at http://www.cacd.uscourts.gov/attorneys/admissions/civility-and-professionalism-guidelines.

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |