Robert Tauler (SBN 241964)
rtauler@taulersmith.com
Valerie Saryan (SBN 297115)
vsaryan@taulersmith.com
Gil Peles, Esq. (SBN 238889)
gpeles@taulersmith.com
TAULER SMITH LLP
626 Wilshire Boulevard, Suite 510
Los Angeles, California 90017
Tel: (310) 590-3927

*Attorneys for Defendant*
ENTTECH MEDIA GROUP, LLC
D.B.A. PAPERMAG.COM

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNHARD KÜHMSTEDT, an individual,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ENTTECH MEDIA GROUP, LLC, a Delaware limited liability company d/b/a "PAPERMAG.COM"; and DOES 1-10, inclusive<br><br>　　　　Defendant. | Case No. 2:21-cv-10032-FWS-JEM<br><br>**DEFENDANT ENTTECH MEDIA GROUP, LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Hearing Date: June 16, 2022<br>Time:　　　10:00 am<br>Place:　　　411 West 4th Street<br>　　　　　　Courtroom 10D<br>　　　　　　Santa Ana, CA 92701<br><br>Hon. Fred W. Slaughter |

MOTION TO DISMISS

**PLEASE TAKE NOTICE** that on June 16, 2022 at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Fred W. Slaughter, Defendant ENTtech Media Group, LLC ("Defendant") will, and hereby does, move to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C.S. § 1406(a) for improper venue.  In the alternative, Defendant seeks an order transferring the action from this Court to the United States District Court for the Southern District of New York.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the accompanying declarations of Diane Drennan-Lewis and Valerie Saryan, the accompanying Request for Judicial Notice, the files, records, and pleadings in this action, and any other additional argument or evidence that may be presented at or before the hearing of this Motion.

Pursuant to Local Rule 7-3, this Motion is made following the conferences of counsel which took place on via phone call on May 5, 2022, and via multiple email correspondences from May 5, 2022 through May 12, 2022.

DATED: May 16, 2022                         TAULER SMITH LLP

                                            By:   */s/ Valerie Saryan*
                                                  Valerie Saryan, Esq.
                                                  Attorneys for Defendant
                                                  ENTTech Media Group, LLC

## I. INTRODUCTION.

This dispute relates to a photograph taken of Janet Jackson performing at a concert in Germany in 1989. The photograph of Janet Jackson was registered over thirty years later, in 2019. Plaintiff, a photographer who lives in Germany, filed this suit against Defendant ENTtech, a company domiciled in New York with no presence in this district, for the publication of this photograph on June 3, 2015 (four years before the photograph was registered). Because the photograph was first published in Germany on November 20, 1989, and not registered with the U.S. Copyright Office until August 13, 2019, neither statutory damages nor attorney's fees are available to Plaintiff. Accordingly, Plaintiff dismissed their claim for statutory damages and attorney's fees on May 10, 2022. (Dkt. 26). Thus, Plaintiff now seeks only "profits" attributable to the alleged publication of the Janet Jackson photograph, which, again, occurred seven years ago.

Defendant moves to dismiss this matter pursuant to Federal Rule of Civil Procedure 12(b)(3)(i) and 28 U.S.C.S. § 1406(a) since the remaining claims and remedies do not give rise to venue in this forum. In the alternative, Defendant requests that the Court transfer venue to the Southern District of New York, where Defendant's place of business is located.

## II. RELEVANT FACTS.

Defendant ENTtech Media Group, LLC d.b.a. papermag.com ("Defendant")'s place of business and only office is in New York, where Defendant's website, papermag.com, is operated and managed. (Declaration of Diane Drennan-Lewis ("Drennan-Lewis Decl.") ¶ 2). Defendant does not have an office in this District or in California. (Drennan-Lewis Decl. ¶ 3).

In the last three years, Plaintiff has commenced numerous copyright infringement lawsuits for the same photograph at issue in this case ("Photograph"), and others. Plaintiff is a serial litigator who filed no less than 28 lawsuits since August 2019,

1

MOTION TO DISMISS FAC

including at least eight suits in the Southern District of New York.[1] Plaintiff filed the instant action against Defendant in the Central District of California despite Defendant having no discernable presence in this district or in California.

The original complaint was filed on January 4, 2022, containing three claims for relief. Defendant moved to dismiss on February 25, 2022 (Dkt. 16), which was granted on April 11, 2022 with leave to amend. (Dkt. 22). Plaintiff filed a First Amended Complaint on April 25, 2022, removing Plaintiff's claim for vicarious "and/or" contributory infringement, and supplementing allegations regarding the late discovery of the image on Defendant's website.

After the parties met and conferred with respect to the remaining claims and prayer for relief, Plaintiff dismissed its prayer for relief for statutory damages and attorney's fees under the Copyright Act on May 10, 2022 (Dkt. 24), without prejudice, leaving only "profits" as his remaining monetary remedy.[2]

**III. Legal Standard.**

Once venue has been challenged, the burden is on the plaintiff to prove that it is proper. *See Piedmont Label Co. v. Sun Garden Packing Co.,* 598 F.2d 491, 496 (9th Cir.1979). On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3), "the pleadings need not be accepted as true, and the court may consider facts outside of the pleadings." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004) (citations omitted). Under Fed. R. Civ. P.12(b)(3), the court may consider evidence

---

[1] *Kühmstedt v. Birchbox, Inc.*, No. 1:19cv8021 (S.D.N.Y. Aug. 28, 2019);; *Kühmstedt v. Cable News Network LP, LLLP*, No. 1:20cv4103 (S.D.N.Y. May 28, 2020); *Kühmstedt v. Complex Media, Inc.*, No. 1:19cv9809 (S.D.N.Y. Oct. 24, 2019); *Kühmstedt v. ESPN, Inc.,* No. 1:19cv9808 (S.D.N.Y. Oct. 24, 2019); *Kühmstedt v. Highlark Media, LLC et al*, No. 1:21cv11214 (S.D.N.Y. Dec. 30, 2021); *Kühmstedt v. MLB Advance Media, L.P.*, No. 1:19cv7489 (S.D.N.Y. Aug. 10, 2019); *Kühmstedt v. Simon & Schuster, Inc.,* No. 1:20cv1544 (S.D.N.Y. Feb. 20, 2020); *Kühmstedt v. Vice Media, LLC et al*, No. 1:21cv9637 (S.D.N.Y. Nov. 19, 2021).

[2] The image no longer appears on Defendant's website, rendering the claim for injunctive relief moot.

outside the pleadings. *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004). The decision of whether to transfer the case or dismiss it outright is discretionary. See *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992) ("even though the federal defendants originally requested transfer rather than dismissal, the district court did not abuse its discretion by dismissing").

## II. The Case Should be Dismissed Under Rule 12(b)(3)(i).

A party may bring a motion to dismiss an action for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). *Kaia Foods, Inc. v. Bellafiore*, 70 F. Supp. 3d 1178, 1183 (N.D. Cal. 2014). "When venue is challenged, the court must determine whether the case falls within one of the three categories set out in §1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under §1406(a)." *Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 55-56, 134 S. Ct. 568, 577 (2013).

### A. Section 1391(b).

Under 28 U.S.C. §1391(b), "[a] civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. §1391(b).

Here, the case does not fall within any of the three categories set forth in 28 U.S.C. §1391(b). First, Defendant does not reside and is not located in the Central District in any manner. Defendant's only place of business is in New York, New York. (Drennan-Lewis Decl. ¶¶ 2-3).

Second, no part of the events or omissions giving rise to the copyright infringement claims occurred in this district. The acts alleged in this case are based on a Photograph

3
MOTION TO DISMISS FAC

taken overseas several decades ago. The only infringement alleged occurred on Defendant's website, papermag.com, which is operated and managed in New York, New York at Defendant's offices. (Drennan-Lewis Decl. ¶ 2).

Third, the case can (and should) be brought in the Southern District of New York where Defendant is domiciled and the only location in the United States where the events giving rise to the claims arose. (Drennan-Lewis Decl. ¶ 2).

Thus, venue is improper under 28 U.S.C. §1391(b), and the case must be dismissed or transferred under §1406(a).

### 2. Section 1406(a).

When venue is improper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A case could have been brought in a particular district or division if, and only if, the proposed court has subject matter jurisdiction, proper venue, the defendant is subject to that court's personal jurisdiction, and the defendant is amenable to service of process in that district. *Abrams Shell v. Shell Oil Co.*, 165 F. Supp. 2d 1096, 1103 (C.D. Cal. 2001). "In a case filed in the wrong venue, the court should either dismiss the action, or require the plaintiff to allege facts showing the matter should not be dismissed for want of proper venue." *Foz v. Bush*, No. 07CV796, 2008 U.S. Dist. LEXIS 133889, at *6 (S.D. Cal. Feb. 11, 2008) citing *Bolar v. Frank*, 938 F.2d 377, 378-80 (2d Cir. 1991).

#### a. The Case Should be Dismissed.

"Dismissal, rather than transfer, may be appropriate where the plaintiff is harassing the defendants, acting in bad faith or forum shopping; where the plaintiffs action is frivolous; or where the transfer would be futile because the case would be dismissed even after transfer." *Altin Havayolu Tasamaciligi Turizm Ve Tic v. Sinnarajah*, No. C-07-6475 EDL, 2008 U.S. Dist. LEXIS 119797, at *13 (N.D. Cal. Mar. 12, 2008) citing *King v. Russell* 963 F.2d 1301, 1304 (9th Cir.1992); see also, *In re Hall, Bayoutree Assocs., Ltd.*, 939 F.2d 802, 91 Cal. Daily Op. Service 5991, 91 D.A.R. 9049, Bankr. L. Rep. (CCH)

74106, 1991 U.S. App. LEXIS 16097 (9th Cir. 1991)(Dismissal is appropriate where filing in improper forum evidences bad faith).

Dismissal is proper here because Plaintiff's filing in the Central District evidences bad faith given there is no connection between the allegations in the FAC and this forum. Plaintiff resides in Germany (FAC ¶ 4), where he took and first published the Photograph at issue. (Request For Judicial Notice, Ex. A). Defendant's place of business is in New York, where the website that allegedly published the infringing Photograph is operated and managed. (Drennan-Lewis Decl. ¶¶ 2-3). There is no proper reason why this district was selected for this dispute, and none was provided in the parties meet-and-confer efforts preceding this Motion. (Declaration of Valerie Saryan, ¶ 3).

Dismissal is also proper because transfer is futile since the case will be dismissed even after transfer to the Southern District of New York. Here, the FAC solely seeks "profits" for Defendant's alleged copyright infringement on June 3, 2015. If transferred, the action will be dismissed because actual damages are only recoverable for three years from the filing of the action, and the alleged infringement occurred over six years prior to the filing. *See* 17 U.S.C.S. §507(b), *see also*, *Petrella v. MGM*, 572 U.S. 663, 677, 134 S. Ct. 1962, 1973 (2014)("a successful plaintiff can gain retrospective relief only three years back from the time of suit. No recovery may be had for infringement in earlier years"). As such, Plaintiff cannot show any recoverable damages in this case from 2019 to 2022, the only three years where any "profits" can be recouped.

Further, dismissal is appropriate because Plaintiff's action is patently frivolous given that Plaintiff no longer seeks any statutory damages or attorney's fees, only "profits" for a three-year period where the image could not have plausibly been monetized in any conceivable way. Thus, the Court should dismiss instead of transferring the case to preserve the workload of the federal judicial system and the parties' resources and time on a case that is effectively worthless for any party to litigate.

### a. Alternatively, the Case Should be Transferred to the Southern District of New York.

Alternatively, Defendant requests that the case be transferred to the Southern District of New York, where Defendant maintains its only office for the same reasons stated above and in the supporting declaration of Diane Drennan-Lewis.

### IV. Conclusion.

For the foregoing reasons, the Court should grant this Motion.

DATED: May 16, 2022                    TAULER SMITH LLP


                                       By:    /s/ Valerie Saryan
                                              Valerie Saryan, Esq.
                                              Attorneys for Defendant
                                              ENTtech Media Group, LLC d.b.a.
                                              papermag.com

# CERTIFICATE OF SERVICE

I hereby certified that I served the foregoing document on all parties of record through the Court's CM/ECF system.

DATED: May 16, 2022                    TAULER SMITH LLP

By:    */s/ Valerie Saryan*
       Valerie Saryan, Esq.
       Attorneys for Defendant
       ENTTech Media Group, LLC