Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Frank R. Trechsel (SBN 312199)
ftrechsel@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

BERNHARD KÜHMSTEDT, an individual,

Plaintiff,

v.

ENTTECH MEDIA GROUP, LLC, a Delaware limited liability company d/b/a "PAPERMAG.COM"; and DOES 1-10, inclusive,

Defendants.

Case No.:  2:21-cv-10032-FWS-JEM
_Hon. Fred W. Slaughter Presiding_

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S SECOND MOTION TO DISMISS; REQUEST FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927; AND LEAVE TO AMEND**

**[Declaration of Frank R. Trechsel filed concurrently herewith]**

Hearing Date: June 16, 2022
Time:            10:00 pm
Place:          411 West 4th Street
                    Courtroom 10D
                    Santa Ana, CA 92701

# **TABLE OF CONTENTS**

I.    INTRODUCTION……………………………………………………...1

II.   LEGAL STANDARD…………………………………………………..2

III.  ARGUMENT…………………………………………………………..2

    A. Enttech waived its right to contest venue in this matter……………...2

    B. Jurisdiction and venue are proper in this Court…………………………4

        1. Enttech's businesses in and contacts with California
          are sufficiently continuous and systematic to support
          the assertion of general personal jurisdiction…………………...5

        2. Alternatively, Defendants are subject to specific
          personal jurisdiction here because they purposefully
          direct their activities to California……………………………...8

          i.    Defendants committed intentional acts…………………...9

          ii.   Enttech expressly aimed their websites at
              California…………………………………………………10

          iii.  Enttech caused harm they knew was likely suffered
              in California………………………………………………12

        3. Enttech cannot make a compelling case that the assertion
          of personal jurisdiction would be unreasonable here………….13

    C. Kuhmstedt's case should not be dismissed……………………………15

    D. Enttech's conduct warrants sanctions pursuant to 28 U.S.C. §
       1927……………………………………………………………………17

    E. Should this Court find Kuhmstedt's allegations in support of
      personal jurisdiction deficient, this Court should grant
      Kuhmstedt targeted jurisdiction discovery or leave to amend…………19

IV.   CONCLUSION………………………………………………………19

# TABLE OF AUTHORITIES

Page(s)

Cases

*Adobe Sys. Inc. v. Childers*,
2011 WL 566812 (N.D. Cal. Feb. 14, 2011) ....................................................... 10

*Am. Ass'n of Naturopathic Physicians v. Hayhurst*,
227 F.3d 1104 (9th Cir. 2000) ............................................................................... 2

*Am. Auto. Ass'n, Inc.v. Darba Enters., Inc.*,
2009 WL 1066506 (N.D. Cal. Apr. 21, 2009) ...................................................... 6

*Amini Innovation Corp. v. JS Imports, Inc.*,
497 F. Supp. 2d 1093 (C.D. Cal. 2007) ................................................................ 6

*Ashcroft v. Iqbal*,
129 S. Ct. 1937 (2009) .......................................................................................... 2

*Autodesk, Inc. v. Kobayashi + Zedda Architects Ltd.*,
191 F. Supp. 3d 1007 (N.D. Cal. 2016) ................................................................ 4

*B.K.B. v. Maui Police Dep't*,
276 F.3d 1091 (9th Cir. 2002) ............................................................................. 16

*Brayton Purcell LLP v. Recordon & Recordon*,
606 F.3d 1124 (9th Cir. 2010) .............................................................................. 4

*Brayton Purcell LLP v. Recordon & Recordon*,
361 F. Supp. 2d 1135, 1138 (N.D. Cal. 2005) ............................................... 9, 12

*Cahill v. Liberty Mut. Ins. Co.*,
80 F.3d 336 (9th Cir. 1996) .................................................................................. 2

*Chambers v. NASCO, Inc.*,
501 U.S. 32 (1991) .............................................................................................. 17

*Coremetrics, Inc. v. Atomic Park.com, LLC*,
370 F. Supp. 2d 1013 (N.D. Cal. 2005) ....................................................... 5, 12, 13

*ENTTech Media Grp. LLC v. Okularity, Inc.*,
2021 WL 916307 (C.D. Cal. Mar. 10, 2021) .................................................. 2, 7

*Evony, LLC v. Feng Inv., Ltd.*,
2014 WL 12658954 (N.D. Cal. May 21, 2014) .............................................. 9, 12

*Fink v. Gomez*,
239 F.3d 989 (9th Cir. 2001) .............................................................................. 17

*Fjelstad v. Am. Honda Motor Co., Inc.*,
762 F.2d 1334 (9th Cir. 1985) ............................................................................ 17

*Friedman v. PopSugar, Inc.*,
2018 WL 6016963 (C.D. Cal. Oct. 29, 2018) ...................................... 9, 10, 12

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
564 U.S. 915 (2011) ............................................................................................. 4

iii

*Hubb Sys., LLC v. microDATA GIS, Inc.*,
  2007 WL 2221077 (N.D. Cal. Aug. 2, 2007)..........................................................10

*In re Boon Glob. Ltd.*,
  923 F.3d 643 (9th Cir. 2019).............................................................................4

*L.A. Gem & Jewelry Design, Inc. v. Ecommerce Innovations, LLC*,
  2017 WL 1535084 (C.D. Cal. Apr. 27, 2017)......................................................5

*Loomis v. Slendertone Distribution, Inc.*,
  420 F. Supp. 3d 1046 (S.D. Cal. 2019).............................................................10

*Mavrix Photo, Inc. v. Brand Technologies, Inc.*,
  647 F.3d 1218 (9th Cir. 2011)................................................................. Passim

*McElroy v. Schornstein*,
  2013 WL 12092057 (S.D. Cal. Mar. 25, 2013)...................................................10

*Nat'l Photo Grp. v. Fort Wayne Radio Corp.*,
  2013 WL 12147598 (C.D. Cal. Feb. 11, 2013).................................9, 10, 12, 13

*O.T. v. Babybjorn AB*,
  2021 WL 4861447 (C.D. Cal. Sept. 8, 2021)......................................................18

*Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*,
  210 F.3d 1112 (9th Cir. 2000).............................................................................16

*Pebble Beach Co. v. Caddy*,
  453 F.3d 1151 (9th Cir. 2006)...............................................................................4

*Polar Bear Productions, Inc. v. Timex Corp.*,
  384 F.3d 700 (9th Cir. 2004)........................................................................15, 16

*Quigley v. Guvera IP Pty Ltd.*,
  2010 WL 5300867 (N.D. Cal. Dec. 20, 2010)...............................................6, 10

*Scott v. Domus Constr. & Design, Inc.*,
  2021 WL 5505888 (S.D. Cal. Nov. 24, 2021)................................................9, 10

*Shuffle Master, Inc. v. Kardwell Int'l, Inc.*,
  2013 WL 12126745 (C.D. Cal. Apr. 23, 2013)...................................................10

*TVB Holdings (USA), Inc. v. Chau*,
  2014 WL 12580009 (C.D. Cal. Jan. 27, 2014).......................................................9

*Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*,
  982 F.2d 363 (9th Cir. 1992)...............................................................................17

*W. Marine, Inc. v. Watercraft Superstore, Inc.*,
  2012 WL 479677 (N.D. Cal. Feb. 14, 2012).......................................4, 5, 13, 14

*Warner Bros. Ent. v. Free-TV-Video-Online.Info*,
  2009 WL 10673279 (C.D. Cal. June 24, 2009)..............................................9, 10

**Statutes**

28 U.S.C. §1391(b) ..................................................................................................3

iv

28 U.S.C. § 1400(a) ................................................................................................4

28 U.S.C. § 1927 ...................................................................................1, 2, 16, 17

Rules

Fed. R. Civ. P. 12 ..............................................................................................2, 3

Fed. R. Civ. P. *12(b)(2)* ........................................................................................3

Fed. R. Civ. P. 12(b)(3) ..........................................................................................3

Fed. R. Civ. P. 12(b)(6) ..........................................................................................3

Fed. R. Civ. P. 12(g) .........................................................................................2, 3

Fed. R. Civ. P. 15(a) ............................................................................................18

Fed. R. Civ. P. 12(h) ........................................................................................2, 3

v

## I. INTRODUCTION

Defendant Enttech Media Group, LLC's ("Enttech")'s motion must be denied. The court has found Plaintiff, Bernhard Kuhmstedt's, claims to be meritorious and the issues relating to the date of discovery of the infringement and secondary liability are adequately addressed in his amended complaint. Moreover, Enttech challenges venue here despite waiving that argument by not including it in its initial Motion to Dismiss. The instant motion comprises improper forum shopping and must be denied.

Enttech's failure to raise the issue of venue in its initial responsive pleading is inexcusable and this second attempt to remove and dismiss Kuhmstedt's meritorious claim is a meritless and procedurally improper strategy employed by Enttech to avoid the plain reality that it is liable for copyright infringement.

This is a clear case of willful copyright infringement. Enttech copied and displayed Kuhmstedt's original photograph, as clearly illustrated by the exemplars of this infringement in the operative First Amened Complaint ("FAC"). Enttech's first Motion to Dismiss (Dkt. 14) was denied in part and granted in part with leave for Kuhmstedt to amend to add factual allegations that support his second claim for vicarious or contributory liability and that support the applicability of the discovery rule. Dkt. 22. Kuhmstedt dismissed his second claim and provided allegations of his discovery of Enttech's infringement no earlier than February 2021. Dkt. 24. Notably, Enttech's February 25, 2022 Motion to Dismiss did not raise the issue of venue waiving any right to object to this case on those grounds.

Not only should this motion be denied, but Enttech should be admonished (again) for its conduct in this matter. Enttech's arguments are objectively frivolous.

1  Enttech's counsel filed this frivolous motion unreasonably and vexatiously increasing

2  the time and expense of this litigation in violation of 28 U.S.C. § 1927.[1]

3      Kuhmstedt has sufficiently alleged venue is proper in this matter, and Enttech

4  waived its ability to content venue when it failed to raise the defense in its initial

5  Motion to Dismiss. Therefore, Enttech's motion must be denied, and sanctions

6  imposed pursuant to 28 U.S.C. § 1927.

7  **II. LEGAL STANDARD**

8      To survive a motion to dismiss, a complaint must contain merely a "short and

9  plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v.*

10 *Iqbal*, 129 S. Ct. 1937 (2009) (quoting Fed. R. Civ. P. § 8(a)(2)). Detailed factual

11 allegations are not required. *Id.* In deciding a motion to dismiss, all material

12 allegations of the complaint are taken as true, and all reasonable inferences are drawn

13 in Plaintiff's favor. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996).

14 **III.   ARGUMENT**

15 **A. Enttech waived its right to contest venue in this matter**

16     Enttech waived its venue argument by failing to include it in its first Fed. R.

17 Civ. P. 12 motion, as was required. *Am. Ass'n of Naturopathic Physicians v.*

18 *Hayhurst*, 227 F.3d 1104, 1106–07 (9th Cir. 2000), *as amended on denial of reh'g*

19 (Nov. 1, 2000), citing Fed. R. Civ. P. 12(g), (h). The defense of "improper venue" is

20 a Rule 12 defense and as such is waived when omitted from an initial Rule 12

21 motion. Fed.R.Civ.P. 12(b)(3); see also *Albany Ins. Co. v. Almacenadora Somex*, 5

---

[1] A review of the dockets reveals that over the last seven years, Enttech's law firm, Tauler Smith, has handled only four copyright cases, all on behalf of Enttech. In at least one other case, the firm's conduct was called into question, with the Court "order[ing] ENTTech to show cause regarding sanctions under Rule 11." *ENTTech Media Grp. LLC v. Okularity, Inc.*, No. 2:20-CV-06298-JWH-EX, 2021 WL 916307, at *2 (C.D. Cal. Mar. 10, 2021). This record further indicates the need for sanctions here.

F.3d [907] at 909–10 (5th Cir. 1993)(applying waiver to an available venue objection omitted from a prior motion to dismiss for improper venue). To be sure, "Rule 12(g) operates in conjunction with Rule 12(h) to require that all defenses permitted to be raised by motion, which are then available, must be included in the same motion[.]" *OptoLum, Inc. v. Cree, Inc*., No. CV-16-03828-PHX-DLR, 2017 WL 3130642, at *1 (D. Ariz. July 24, 2017), quoting *Bromfield v. McBurney*, No. C07-5226RBL-KLS, 2009 WL 674517, at *5 (W.D. Wash. Mar. 12, 2009). Defendant, in failing to include its venue argument in its first motion, waived that argument.

The law is unequivocal: Rule 12(h) provides that a "defense of lack of jurisdiction over the person, **improper venue**, insufficiency of process, or insufficiency of service of process is waived ... if it is neither made by motion under this rule nor included in a responsive pleading...." Fed. R. Civ. P. 12(g), (h)(emphasis added). Rule 12(g) states that "[i]f a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted...." *Id*.

In response to Kuhmstedt's initial Complaint, Enttech filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). See Dkt. 14, pg. i, 1-2. Enttech's Motion was its responsive pleading for the purposes of waiver under Rule 12. (Dkt. 14). In this pleading, Enttech asserted the defense of "failure to state a claim upon which relief can be granted" and did **not** assert the defense of lack of personal jurisdiction under Rule 12(b)(2) or improper venue under Rule 12(b)(3).

The essence of Rule 12—embodied in the combined language of 12(g) and 12(h)—is that a party "who by motion invites the court to pass upon a threshold defense should bring forward all the specified defenses [personal jurisdiction, improper venue, insufficient process, or insufficient service] he then has and thus allow the court to do a reasonably complete job." Fed. R. Civ. P. 12 advisory

1  committee's note, 1966 Amendment, subdivision (h). Thus, because Enttech raised a

2  Rule 12 defense in its first filing to the court, it was obliged to raise **all** of those

3  specified in Rule 12(h). However, Enttech failed to raise any venue argument in its

4  initial Motion to Dismiss. (Dkt. 14). And a defendant "who does not initially raise

5  certain [available] defenses—lack of personal jurisdiction, improper venue, improper

6  process, and improper service of process—cannot invoke those defenses later on."

7  *Paleteria La Michoacana v. Producto Lacteos,* 905 F. Supp. 2d 189, 192 (D.D.C.

8  2012). Therefore, Enttech's motion **must** be denied.

9  **B. Jurisdiction and venue are proper in this Court**

10  Assuming *arguendo* Enttech did not waive its venue objection – it without a

11  doubt did – its venue argument would still fail. Citing to no other authority than 28

12  U.S.C. §1391(b) Enttech argues venue is improper because 1) Enttech does not reside

13  in the California Central District; 2) the events or omissions giving rise to the action

14  did not occur in this district; and 3) the case can be brought in the Southern District

15  of New York. (Dkt. 27 pg. 3-4) However, these contentions are not supported by the

16  facts or law.

17  In copyright cases, venue is proper "in the district in which the defendant or his

18  agent resides or may be found." *Autodesk, Inc. v. Kobayashi + Zedda Architects Ltd.,*

19  191 F. Supp. 3d 1007, 1021 (N.D. Cal. 2016) (citing 28 U.S.C. § 1400(a)). According

20  to the Ninth Circuit, this language means that venue in a copyright case is proper "in

21  any judicial district in which the defendant would be amenable to personal

22  jurisdiction if the district were a separate state." *Brayton Purcell LLP v. Recordon &*

23  *Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010). The Court therefore must conduct

24  the well-established personal jurisdiction analysis to determine whether venue is

25  proper in this district.

26  When faced with a motion to dismiss for lack of personal jurisdiction, the party

27  claiming jurisdiction "bears the burden to establish jurisdictional facts." *In re Boon*

28

4

*Glob. Ltd.,* 923 F.3d 643, 650 (9th Cir. 2019) (citing *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006)). That party can carry its burden by making a *prima facie* showing of jurisdictional facts in response to a motion to dismiss. *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010) (internal citation omitted).

Courts may have either general or specific jurisdiction over a defendant. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

**1. Enttech's businesses in and contacts with California are sufficiently continuous and systematic to support the assertion of general personal jurisdiction**

The assertion of general personal jurisdiction over a non-resident defendant is appropriate when its "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum." *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (internal citations omitted). Once that is established, the court then considers whether the assertion of personal jurisdiction (general or specific) is reasonable. *See W. Marine, Inc. v. Watercraft Superstore, Inc.*, No. C1104459, 2012 WL 479677, at *7 (N.D. Cal. Feb. 14, 2012) (internal citations omitted).[2]

While a corporation's "home" may be the place in which it is incorporated or headquartered, courts cannot deduce general jurisdiction from that alone. *L.A. Gem & Jewelry Design, Inc. v. Ecommerce Innovations, LLC*, No. CV 16-9325, 2017 WL 1535084, at *4 (C.D. Cal. Apr. 27, 2017). Instead, courts examine "all Defendants' activities impacting the state," including "whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for

---

[2] As discussed *supra*, Section III.A.3, Defendants cannot make a compelling case that the assertion of personal jurisdiction in this Court would be unreasonable.

service of process, [or] holds a license." *Id*. at *5 (internal citations omitted); *see also Mavrix Photo*, 647 F.3d at 1223–24 (internal citations omitted) (explaining consideration of a defendant's "[l]ongevity, continuity, volume, economic impact, physical presence, and integration into the state"); *West Marine*, 2012 WL 479677 at *4 (considering percentage of sales in the state).

In *West Marine*, the court held that the totality of defendant's contacts with California—(1) maintaining a website accessible to Californians, (2) generating 7.4% of all sales ($300,000) over a three-year period in California, (3) entering into contracts with non-parties in California, (4) sending catalogs and mailing lists to consumers in California, and (5) advertising to Californians and maintaining advertising relationships with California-based companies—were continuous and systematic. *See id*. at *5-7. The court's finding of general jurisdiction in *Coremetrics, Inc. v. Atomic Park.com, LLC*, 370 F. Supp. 2d 1013, 1017-24 (N.D. Cal. 2005) was similarly based. Based on *West Marine* and *Coremetrics*, the assertion of general personal jurisdiction over Defendants is warranted here.

First, Defendant's incorrectly claim that their website is "operated and managed in New York, New York" and thus no activities occurred in this district. (*see* Dkt. 27 at 4:1-3). From a cursory review of Enttech's website they solicit end users to comment on their content, subscribe to Enttech's Papermag newsletters, and follow their social media pages (Declaration of Frank R. Trechsel ("Trechsel Decl.") at ¶1) which Enttech presumably then use to match consumers with the demographics that the advertisers on www.papermag.com want to target (which in turn generates revenue for Enttech). Thus, Enttech's website is interactive. *See Quigley v. Guvera IP Pty Ltd.*, No. C1003569, 2010 WL 5300867, at *3 (N.D. Cal. Dec. 20, 2010) (holding a website requiring users to enter their contact information to gain access to information, which was then sold to advertisers, was interactive); *Am. Auto. Ass'n, Inc.v. Darba Enters., Inc.,* No. C.09–00510, 2009 WL 1066506, at *4 (N.D. Cal. Apr.

21, 2009) (finding that defendant "profited when California users entered their contact information in his website, even though he did not sell anything to them directly").[3]

Second, Enttech's aggregate business in California is continuous and systematic. Enttech owns and operates www.papermag.com, which feature hundreds of pages of content and articles about California-specific events, issues, and news.[4] Trechsel Decl. at ¶2. Papermag.com also features paid advertisements targeted to California residents. Trechsel Decl. at ¶4, Ex. 1, 3. For example, in Exhibit 3 to Trechsel's Declaration filed concurrently herewith there is an advertisement for CalRecycle stating "Californians recycle smarter." Trechsel Decl. at ¶4, Ex 3. Exhibit 1 of Trechsel's Declaration also features an advertisement for ActionButton which specifically offers the viewer to "Let Rep. Sherman (CA-30) and Sen. Feinstein (D-CA) know where you stand on policies to address sexual violence & abuse." *Id*. This advertisement is aimed at California residents represented by these specific state and

---

[3] The Ninth Circuit assesses website interactivity based on the *Zippo* "sliding scale." A fully "passive" website is one that "does little more than make information available to those who are interested in it," whereas an "interactive" website is one through which "the defendant enters into contracts with residents of a foreign jurisdiction . . . " *Amini Innovation Corp. v. JS Imports, Inc.*, 497 F. Supp. 2d 1093, 1103–04 (C.D. Cal. 2007). When a website falls somewhere in between, the assertion of personal jurisdiction depends on the nature and quality of commercial activity that an entity conducts over the internet. *See id*.

[4] Non-exclusive exemplars of these articles include "California Makes 'Stealthing' During Sex Illegal," https://www.papermag.com/california-stealthing-ban-2655285200.html "California Bill Seeks Gender-Neutral Store Displays for Kids," https://www.papermag.com/california-bill-gender-neutral-2654887507.html "The LA Brand Bringing 'Malibu Sleaze' to Fashion," https://www.papermag.com/ace-sex-doll-2656335239.html and "Drakeo the Ruler Fatally Stabbed at LA Consert" https://www.papermag.com/drakeo-the-ruler-stabbing-death-2656070370.html?rebelltitem=3#rebelltitem3. Trechsel Decl. at ¶3, Ex. 1-4.

federal representatives. Enttech's website is hosted in California (*see* Trechsel Decl. at ¶5, Ex. 5-8), the URL http://www.papermag.com corresponds to three Internet Protocol Addresses 104.26.4.57, 104.26.5.57, and 172.67.71.122 which are all hosted in San Francisco, California.  Trechsel Decl. at ¶5, Ex. 5-8.

Enttech's exploitation of the California market is not happenstance—Enttech maintains a "Terms and Conditions" page on its website that enumerates the "California Privacy Rights and Preferences" of California residents specifically. Trechsel Decl. at ¶6, Ex. 9. Further, Enttech has appeared before this Court (represented by the same counsel) at least once to litigate nearly identical copyright infringement claims on the merits.[5] Enntech does not raise or discuss *any* of its contacts or affiliations with the state of California or the Central District relying instead on the most cursory statement that its headquarters is in New York because even the most surface examination of the facts reveals California and the Central District is an appropriate venue.

All told, asserting general personal jurisdiction over Defendants is warranted because they are essentially "at home" in California.

**2.   Alternatively, Defendants are subject to specific personal jurisdiction here because they purposefully direct their activities to California.**

Alternatively, because the complained-of infringements in the FAC occurred on websites purposefully directed to California and its residents, the exercise of specific personal jurisdiction over Enttech in connection therewith is proper.

Asserting specific jurisdiction over a non-resident defendant is proper when (1) the defendant purposefully directs his activities at, or consummates some transaction

---

[5] *ENTTech Media Grp. LLC v. Okularity, Inc.*, No. 2:20-CV-06298-JWH-EX, 2021 WL 916307, at *2 (C.D. Cal. Mar. 10, 2021).

with, the forum or resident thereof;[6] (2) the claim arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable. *Mavrix Photo*, 647 F.3d at 1227-28. Once the plaintiff carries the burden on the first two prongs, the defendant must make a "compelling case" that asserting jurisdiction would be unreasonable. *Id*. (internal citations omitted).

Enttech again does not argue it is not subject to specific personal jurisdiction because it applied an improper analysis to contest venue in this matter. to its  do not even bother to specifically address the above factors. *See generally* Dkt. 27 at 2-4. Nonetheless, only the "purposeful direction" prong truly requires this Court's attention. A defendant "purposefully directs" its activities at the forum when the defendant (1) commits an intentional act, (2) expressly aimed at the forum state, (3) causing harm it knows is likely suffered in the forum state. *Id*. at 1228 (internal citations omitted). As to the second prong, Kuhmstedt's copyright infringement claims arise out of Enttech's display of the Subject Photograph on a website accessible to end users in California. *Mavrix Photo*, 647 F.3d at 1228. And as to the third prong and as discussed *supra*, Section III.B.3, Enttech cannot make a compelling case that the assertion of personal jurisdiction in this Court would be unreasonable.

Here, Enttech purposefully directed their website to California.

### i.   Defendants committed intentional acts.

Enttech displayed unauthorized copies of the Subject Photograph on its website. (*See* Dkt. 24.) Doing so is an "intentional act." *See Mavrix*, 647 F.3d at 1229; *Brayton Purcell*, 361 F. Supp. 2d at 1142; *Warner Bros. Ent. v. Free-TV-*

---

[6] In copyright infringement (i.e., tort) cases, courts employ a purposeful direction (instead of a purposeful availment) analysis. *Mavrix Photo*, 647 F.3d at 1228 (internal citations omitted).

*Video-Online.Info*, No. CV088484, 2009 WL 10673279, at *4 (C.D. Cal. June 24, 2009); *Friedman v. PopSugar, Inc.*, No. 218CV05888, 2018 WL 6016963, at *7 (C.D. Cal. Oct. 29, 2018); *Evony, LLC v. Feng Inv., Ltd.*, No. CV1100141, 2014 WL 12658954, at *4 (N.D. Cal. May 21, 2014), *report and recommendation adopted sub nom. Evony, LLC v. Aeria Games & Ent., Inc.*, No. C 11-0141, 2014 WL 12658953 (N.D. Cal. June 12, 2014); *Nat'l Photo Grp. v. Fort Wayne Radio Corp.*, No. CV1209152, 2013 WL 12147598, at *2 (C.D. Cal. Feb. 11, 2013); *TVB Holdings (USA), Inc. v. Chau*, No. CV1301492, 2014 WL 12580009, at *4 (C.D. Cal. Jan. 27, 2014); *Scott v. Domus Constr. & Design, Inc.*, No. 321CV00623, 2021 WL 5505888, at *7–8 (S.D. Cal. Nov. 24, 2021).

### ii.   Enttech expressly aimed their websites at California.

Where a website with national viewership and scope appeals to, and profits from, a California audience, the site's operators "expressly aimed" at California. *See Mavrix Photo*, 647 F.3d at 1231. That is why, even if such a website is "passive," it does the "something more" that justifies the assertion of specific personal jurisdiction when it, *inter alia*, encourages California residents to access the website and/or earns income from them. *See Shuffle Master, Inc. v. Kardwell Int'l, Inc.*, No. 212CV8271, 2013 WL 12126745, at *4 (C.D. Cal. Apr. 23, 2013). Even though this standard "may impose [a burden] on some popular [] websites," the alternative—that a website owner can only be sued in the state(s) in which it is incorporated or headquartered— "would allow corporations whose websites exploit a national market to defeat jurisdiction in states where those websites generate substantial profits from local consumers," and as a result undermine the "interests . . . of the plaintiff in proceeding with the cause in the plaintiff's forum of choice." *Mavrix Photo*, 647 F.3d at 1231 (internal citations omitted).

The decision in *Mavrix Photo*, 647 F.3d at 1230, held that defendant "continuously and deliberately exploited" the California market because (1)

defendant made money by selling advertising space on its website; (2) hits to that site came from California residents; (3) some of the third-party advertisers had advertisements directed to Californians; and (4) the popular website had "a specific focus on the California-centered celebrity and entertainment industries." *See id*. (emphasis added). Thus, the Ninth Circuit held that the defendant "anticipated, desired, and achieved" a California viewer base. *Id*.

 *Mavrix* is nearly indistinguishable from, and its holding has been applied extensively to, cases just like this one.[7] That authority compels the conclusion that Enttech expressly aimed their website at California. Indeed, as noted above, www.papermag.com contains content about California, taking place in California, and/or designed to entertain and inform its California audience, and feature and host paid advertisements targeted to California end users. Trechsel Decl. ¶¶1-6, Ex. 1-8. Further, the "Terms and Conditions" governing Defendants' Websites even enumerates the "California Privacy Rights" of California residents specifically. Trechsel Decl. at ¶6, Ex. 9. And as the cherry on top, the IP Address associated with Enttech's website is hosted in California by San Francisco-based Cloudflare, Inc. Trechsel Decl. at ¶5, 5-8. Based on that totality, Defendants do not (and cannot genuinely) characterize the consumption of their website in California as random, fortuitous, or attenuated. *Mavrix Photo*, 647 F.3d at 1230. Quite the opposite, it is a

---

[7] *See, e.g.*, *Warner Brothers*, 2009 WL 10673279 at *4; *Friedman*, 2018 WL 6016963 at *7-8; *National Photo Group*, 2013 WL 12147598 at *2-3; *Adobe Sys. Inc. v. Childers*, No. 5:10-CV-03571, 2011 WL 566812, at *3–5 (N.D. Cal. Feb. 14, 2011); *Scott*, 2021 WL 5505888 at *9, 13; *McElroy v. Schornstein*, No. 12CV0536, 2013 WL 12092057, at *2 (S.D. Cal. Mar. 25, 2013); *Hubb Sys., LLC v. microDATA GIS, Inc.*, No. C072677, 2007 WL 2221077, at *2–4 (N.D. Cal. Aug. 2, 2007); *Loomis v. Slendertone Distribution, Inc.*, 420 F. Supp. 3d 1046, 1068–70 (S.D. Cal. 2019); *Stross v. NextLuxuryDotCom LLC*, No. 2:21-cv-01181, Dkt. 62 at 10-12 (C.D. Cal. Nov. 17, 2021); *Quigley*, 2010 WL 5300867 at *4.

predictable consequence of Defendants' exploitation of the California market. That is "express aiming."

Therefore, Defendants expressly aimed their websites at California.

### iii.   Enttech caused harm they knew was likely suffered in California

Enttech also does not address this prong. Even if they did, though, the result is the same: the unauthorized display of the Subject Photograph on Enttech's website which is purposefully directed to California, likely caused harm here.

Again, the Ninth Circuit's decision in *Mavrix Photo*, 647 F.3d at 1231 is instructive. There, the panel held that the defendant caused harm it knew was likely suffered in California by republishing the celebrity photo at issue, thereby interfering with plaintiff's exclusive ownership of the photos and harming its market value. *Id*. The panel further held that it was foreseeable that the economic loss would be inflicted here (not just in Florida, the location of plaintiff's headquarters). *Id*. As the panel explained: "Because Brand's actions destroyed this California-based value, a jurisdictionally significant amount of Mavrix's economic harm took place in California." *Id*. at 1231-32. Thus, *Mavrix Photo* teaches that jurisdictionally sufficient harm is suffered where the infringement is accessible, and that the economic loss caused by copyright infringement is foreseeable.[8] *Id*.

Consequently, by displaying unauthorized copies of the Subject Photograph on Enttech's website, Enttech interfered with Kuhmstedt's exclusive ownership and reproduction rights of the Photograph and harmed his California-based, celebrity and entertainment-driven market value that depends on exclusivity of use. The economic loss—being deprived of core licensing revenues while Enttech's website used (and

---

[8] *See also Friedman*, 2018 WL 6016963 at *9; *Evony*, 2014 WL 12658954 at *4; *National Photo Group*, 2013 WL 12147598 at *3; *Stross*, No. 2:21-cv-01181, Dkt. 62 at 12.

provided end users with) free substitutes—was foreseeable. Thus, given the significant readership (including California readership) of Enttech's website, a jurisdictionally sufficient amount of Kuhmstedt's economic harm took place here.

### 3. Enttech cannot make a compelling case that the assertion of personal jurisdiction would be unreasonable here

Reasonableness is determined by examining (1) the extent of purposeful interjection, (2) the burden on the defendant to defend the suit in the chosen forum, (3) the extent of conflict with the sovereignty of the defendant's state, (4) the forum state's interest in the dispute, (5) the most efficient forum for judicial resolution of the dispute, (6) the importance of the chosen forum to the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum (collectively, the "*Burger King* factors"). *Id.* (internal citations omitted). The burden is proving unreasonableness is on the defendant. *Coremetrics, Inc. v. Atomic Park.com, LLC*, 370 F. Supp. 2d 1013, 1024 (N.D. Cal. 2005).

There is a presumption that jurisdiction is reasonable when the other prongs of the jurisdictional analyses (general or specific) are met. *See, e.g.*, *Brayton Purcell*, 361 F. Supp. 2d at 1143-44 (holding exercise of jurisdiction reasonable because (1) defendant "interjected itself into this forum [] by virtue of publishing copyrighted material in its passive website," (2) "[t]he place and course of discovery will not be affected by venue," (3) participation of principals would "likely be limited to mediation and trial," and (4) defendant could "retain local counsel"); *National Photo Group*, 2013 WL 12147598, at *3–4 (finding exercise of jurisdiction reasonable because "Defendant's website appears to target the forum state," "being haled into court in California does not unfairly burden Defendant due to modern technological advances allowing for e-filing and telephonic appearances," and "much of the evidence, including the photographs in question, are available online"); *West Marine*, 2012 WL 479677 at *7; *Coremetrics*, 370 F. Supp. 2d at 1024-25 (holding assertion

of general jurisdiction reasonable because (1) defendant "sufficiently injected itself purposefully into California's affairs through the volume and frequency of its sales to California consumers," (2) given that interjection, "California has a more than passing interest in the instant litigation," and (3) "the burden on AtomicPark in defending in California is not overwhelming or disproportionate given today's state of communications and transportation").

Enttech fails to meet its burden here because it did not even bother to engage in the appropriate jurisdictional analysis. Therefore, Enttech seems to ignore the *Burger King* factors altogether, and falls well short of the "compelling case" standard for that reason alone. *See Mavrix Photo*, 647 F.3d at 1228. Even so, the assertion of personal jurisdiction here is reasonable.

First, Enttech interjected itself into California through its aggregate business in California and their purposeful direction of it's website to California (including displaying unauthorized copies of the Subject Photograph thereon).

Second, Enttech has been represented *in this judicial district by Defendants' current counsel of record in at least one prior cases*, and offers no real support to their argument that they would be burdened by litigating in this district. The place and course of discovery will not be affected by venue, and the evidence in this case is largely online (i.e., Enttech's website and the Subject Photograph) and will be stored and exchanged electronically; not to mention, e-filing procedures and telephonic hearings are available in the event any discovery disputes require this Court's involvement). Participation of the parties' principals will be limited to depositions, mediation, and trial. There is no indication that all or even most of Enttech's employees would be called as witnesses or required to attend any proceedings. And depositions and mediation will most likely be conducted via videoconference. Ultimately, Enttech's argument is little more than a "forum shopping" accusation. That does not satisfy the requisite burden.

1    Third, there is no conflict of laws issue. Copyright law is federal law.

2    Fourth, given the Enttech's interjection into California, California has an

3    interest in this litigation.[9]

4    Fifth, Defendants offer no reason why litigating elsewhere (in a hypothetical

5    alternate forum not identified by Defendants in this section) would be the most

6    efficient means for judicial resolution of this case.

7    Sixth, Enttech fails to explain why Kuhmstedt's interest in obtaining

8    convenient and effective relief in this Court, its chosen forum, should be disregarded.

9    And Seventh, Enttech only offers the Southern District of New York as an

10   alternative forum, but, "the presence of an alternate forum does not overcome

11   reasonableness established by the other factors." *West Marine*, 2012 WL 479677 at

12   *7. Further, Enttech's counsel Robert Tauler is not barred in the state of New York

13   and a transfer would require counsel for **both** parties to request admittance pro hac

14   vice.

15   In sum, Enttech have failed to present a "compelling case" that the exercise of

16   personal jurisdiction over them would be unreasonable. As a result, personal

17   jurisdiction over Enttech is warranted and reasonable, venue is proper here, and this

18   Court should deny Enttech's Motion.

19   **C. Kuhmstedt's case should not be dismissed**

20   The true intent of Enttech's motion is revealed on page four of its motion

21   where it states, "The Case Should be Dismissed." Dkt. 27 pg. 4. Enttech does not

22   have any credible argument to dispute liability or venue for that matter. However, it

23

24   [9] Kuhmstedt's location is irrelevant to this analysis. *See West Marine*, 2012 WL
25   479677 at *5 ("This court knows of no authority or policy justification for such a
     comparative analysis. Rather, it is [defendant's] contacts with California that are at
26   issue, irrespective of whether those contacts dwarf or are dwarfed by the contacts that
27   plaintiff has with the forum state.").

28

now makes one last ditch effort to dismiss this action before facing its own liability, arguing that "transfer is futile since the case will be dismissed even after transfer to the Southern District of New York." Dkt. 27 pg. 5:11-12. This argument is demonstrably false.

Presenting literally no factual basis for its position, Enttech posits that "Plaintiff cannot show any recoverable damages in this case from 2019 to 2022, the only three years where any "profits" can be recouped." Dkt. 27 pg. 5:19-20. And then states this lack of damages warrants dismissal. Dkt. 27 pg. 5:24-26. However, this argument displays a truly remarkable refusal to engage with and comprehend the applicable copyright law governing this action.

First, Kuhmstedt is **not** limited to profits from the three years preceding the institution of this action. The Copyright Act permits "damages occurring outside of the three-year window, so long as the copyright owner did not discovery – and reasonably could not have discovered – the infringement before the commencement of the three-year limitation period." *Polar Bear Productions, Inc. v. Timex Corp.* 384 F.3d 700, 706 (9th Cir. 2004). Because Kuhmstedt did not discover Enttech's infringement until within three years of filing suit (Dkt. 24. Para. 16), Kuhmstedt may recover damages for infringement that occurred outside of the three-year window. *Id.* Therefore, Enttech's unsupported position that Kuhmstedt will be unable to prove "profits" for the last three years is not the proper analysis. Kuhmstedt is entitled to **all** profits earned by Enttech from the beginning of its infringement, and a determination on that amount must be made after trial and not based merely on the word of Enttech's counsel.

Second, even if there were no "profits" to be earned as damages, Kuhmstedt is also entitled to his own lost profits in the form of lost license ad renewal fees. *See, Polar Bear,* at 708. This measure of damages is again ignored by Enttech who discuss only their own profits which would be disgorged to Kuhmstedt.

Given these viable and demonstrable avenues to damages in this case, Kuhmstedt's case is neither frivolous or likely to be dismissed upon transfer. Therefore, Enttech's request for dismissal must be denied.

**D. Enttech's conduct warrants sanctions pursuant to 28 U.S.C. § 1927**

Enttech's counsel has conducted himself in an unreasonable and vexatious manner, leading to the waste of judicial resources and multiplying the proceedings. The venue argument was without a doubt waived and in bringing this motion Defendant has filed papers that are not supported by the law or an argument for an extension of the law.

Title 28 U.S.C. § 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." See *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.,* 210 F.3d 1112, 1117 (9th Cir. 2000) ("Section 1927 authorizes the imposition of sanctions against any lawyer who wrongfully proliferates litigation proceedings once a case has commenced."). Sanctions under § 1927 may be imposed when: (1) the attorney unreasonably multiplied the proceedings; (2) the attorney's conduct was unreasonable and vexatious; and (3) the conduct caused an increase in the cost of the proceedings. See 28 U.S.C. § 1927; *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002). For sanctions to apply under § 1927, the court must make a determination of recklessness. See *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001) (holding that "recklessness suffices for § 1927" sanctions).

In addition, federal "courts have inherent power to [enter sanctions] . . . when a party has... engaged in conduct utterly inconsistent with the orderly administration of justice." *Fjelstad v. Am. Honda Motor Co., Inc*., 762 F.2d 1334, 1338 (9th Cir. 1985); see *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.,* 982 F.2d 363, 368 (9th Cir. 1992) ("Courts are invested with inherent powers that are 'governed not by rule

or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"). This inherent power is not limited by overlapping statutes or rules. See *Chambers v. NASCO, Inc.,* 501 U.S. 32, 49 (1991) ("[T]he inherent power of a court can be invoked even if procedural rules exist which sanction the same conduct."). The court has inherent power to impose monetary sanctions when an attorney has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id*. at 45-46, 111 S.Ct. at 2133.

Sanctions are warranted here. Enttech's counsel has already been sanctioned by Judge Wilson, who found that Enttech's counsel's conduct was an "embarrassment to the profession" and noting other disciplinary issues that had arisen in a Texas case. See Dkt. 22, pgs. 8-10. Despite this admonishment, Enttech has filed a motion arguing for relief that is clearly and wholly precluded by the Federal Rules. Indeed, Enttech's counsel knows that he waived the venue issue and during the meet-and-confer process did not present Kuhmstedt's counsel with *any* authority that the argument could be raised at this stage in the litigation.[10] Trechsel Decl. at ¶7.

This wholly improper conduct resulted in a substantial and unfortunate amount of time being wasted by Kuhmstedt, his counsel, and the Court. Sanctions are warranted and Kuhmstedt respectfully requests that the Court set an Order to Show Cause re Sanctions to address this matter.[11]

---

[10] Enttech's bad faith was not limited to failing to provide any supporting authority during the meet and confer process. Indeed, after Kuhmstedt filed his opposition to Enttech's initial Motion to Dismiss, Enttech's counsel sent numerous unprofessional emails, including threats that he would be an "enemy for life" for Kuhmstedt's counsel. Trechsel Decl. at ¶8, Ex. 10. These unprofessional emails came after the litany of improper communications that were submitted to the court accompanying Kuhmstedt's initial opposition and addressed in great detail by the Court in its April 11, 2022 Order. Dkt. 22.

[11] As noted above, this would represent the *second* such Order to Show Cause in the *four* copyright cases handled by Tauler Smith over the last seven years.

**E. Should this Court find Kuhmstedt's allegations in support of personal jurisdiction deficient, this Court should grant Kuhmstedt targeted jurisdictional discovery or leave to amend.**

Because Enttech are subject to personal jurisdiction here, and because Enttech did not clearly show that transfer is warranted, their Motion should be denied. However, should this Court find the factual allegations and evidence insufficient on either point, Kuhmstedt respectfully requests that it (1) defer its ruling until Kuhmstedt can conduct targeted jurisdictional discovery into, over the last five years, the number of California users of Enttech's website, the revenue generated by those users, Enttech's monetization of the information garnered from end users of Enttech's website subscribing to Enttech's Papermag's newsletters, and Enttech's relationships with local advertisers; and then (2) allow Kuhmstedt to amend the FAC to include even more detailed factual allegations based on that jurisdictional discovery. *See* Fed. R. Civ. P. 15(a) (leave to amend a complaint that has been dismissed should be freely granted unless it is clear the complaint could not be saved by any amendment); *O.T. v. Babybjorn AB*, No. 2:20-CV-04517, 2021 WL 4861447, at *5 (C.D. Cal. Sept. 8, 2021) (granting leave to amend FAC).

## IV.   CONCLUSION

Because Enttech failed to raise its defense of improper venue in its February 25, 2022 Motion to Dismiss it waived its ability to bring the instant motion and it should be denied. Should the Court find for any reason Enttech did not waive that right, the facts show Enttech's purposefully directed its conduct to California sufficient to warrant personal jurisdiction and consequently proper venue in the California Central District. Denial is therefore appropriate on those grounds as well. Finally, Enttech's position that the case should be dismissed in its entirety is flawed both legally and factually and should also be denied and sanctions awarded to Kuhmstedt.

Respectfully submitted,

Dated: May 26, 2022          By:     */s/ Frank R. Trechsel*
                                     Scott Alan Burroughs, Esq.
                                     Frank R. Trechsel, Esq.
                                     DONIGER / BURROUGHS
                                     Attorneys for Plaintiff

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS