Robert Tauler (SBN 241964)
rtauler@taulersmith.com
Valerie Saryan (SBN 297115)
vsaryan@taulersmith.com
Tauler Smith, LLP
626 Wilshire Boulevard, Suite 510
Los Angeles, California 90017
Tel: (310) 590-3927

*Attorneys for Defendant*
ENTTECH MEDIA GROUP, LLC
D.B.A. PAPERMAG.COM

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNHARD KÜHMSTEDT, an individual,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>ENTTECH MEDIA GROUP, LLC, a Delaware limited liability company d/b/a "PAPERMAG.COM"; and DOES 1-10, inclusive<br><br>　　　　Defendant. | Case No. 2:21-cv-10032-FWS-JEM<br><br>**DEFENDANT ENTTECH MEDIA GROUP, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br><u>Hearing</u><br>Date: June 16, 2022<br>Time: 10:00 am<br>Courtroom: 10D<br>Hon. Fred W. Slaughter |

## I. INTRODUCTION

Plaintiff fails to meet its burden of proof that venue in this District is proper, and provides no justifiable reason why this District was selected. It is undisputed that no parties to this case reside in this District, or even in California. The alleged infringement of the 1989 photograph at issue in this case was allegedly published in 2015 to Defendant's website in New York City, where Defendant resides and where its website is operated and managed.

Pursuant to Rule 12(b)(3), the Court should dismiss this case because the case is frivolous given Plaintiff is only entitled to actual damages, and transfer would be futile since it will likely be dismissed after transferring, and because the case was forum shopped and filed in this District in bad faith given Plaintiff provides no reason for selecting the Central District. Alternatively, if the Court finds it is in the interest of justice (despite Plaintiff's failure to identify any interests of justice), the Court should transfer the case to the Southern District of New York where Defendant resides and where the alleged infringement occurred. See, 28 U.S.C. § 1406(a); *Atl. Marine Constr. Co. v. U.S. Dist. Ct.*, 134 S. Ct. 568, 577 (2013).

## II. ARGUMENT

### A. Plaintiff Fails to Meet His Burden of Showing that Venue is Proper in the Central District.

Once a defendant has properly challenged venue, the plaintiff bears the burden of showing venue is proper. See, *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979)("Plaintiff had the burden of showing that venue was properly laid in the Northern District of California"); see also, *Hope v. Otis Elevator Co.,* 389 F.Supp.2d 1235, 1243 (E.D. Cal. 2005) ("Plaintiff has the burden of proving that venue is proper in the district in which the suit was initiated," citing *Airola v. King,* 505 F.Supp. 30, 31 (D. Ariz. 1980)). Plaintiff argues that 28 U.S.C.S. § 1400(a) applies, which states: "Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights or exclusive rights in mask works or designs may be instituted in the district

- 1 -

in which the defendant or his agent resides or may be found." 28 U.S.C.S. § 1400(a). Under Section 1400(a), Defendant's argument that venue is improper remains the same. Neither Defendant nor its agent resides in, or can be found in, the Central District. (See Motion). Under 28 U.S.C.S. § 1400(a), a defendant may be 'found' wherever he may be constitutionally served with process. *Micromanipulator Co. v. Bough,* 558 F. Supp. 36, 222 U.S.P.Q. (BNA) 733, 1982 U.S. Dist. LEXIS 17184 (D. Nev. 1982).

Here, it is undisputed that Defendant does not reside in this District, it resides in New York, New York. (See Declaration of Diane Drennan-Lewis, Dkt. 27-1). Defendant's business is solely in New York, so neither Defendant nor its agent can be found in this District. *Id*. Because Defendant is not located and does not reside in this District, it cannot be served with process in this District, and thus cannot be 'found' in the Central District. As such, under 28 U.S.C.S. § 1400(a), venue is improper. Notably, Plaintiff fails to address the fact that Defendant does not reside in this District, and does not attempt to argue otherwise. Instead, Plaintiff solely focuses on whether Defendant can be 'found' in the Central District, and argues that this is solely determined by personal jurisdiction. However, the plain meaning of 28 U.S.C.S. § 1400(a) requires that defendant be found in federal judicial district of suit, not merely have contact with forum state. *Milwaukee Concrete Studios, Ltd. v. Fjeld Mfg. Co.,* 795 F. Supp. 277, 1992 U.S. Dist. LEXIS 8336 (E.D. Wis. 1992), modified, *Milwaukee Concrete Studios v. Fjeld Mfg. Co.*, 8 F.3d 441, 27 Fed. R. Serv. 3d (Callaghan) 335, 28 U.S.P.Q.2d (BNA) 1594, 1993 U.S. App. LEXIS 27208 (7th Cir. 1993). Plaintiff's argument that personal jurisdiction equates to venue thus fails, as detailed below.

1. <u>Plaintiff's Argument that Defendant is Subject to Personal Jurisdiction in this District Fails.</u>

Plaintiff's argument that venue is proper solely because this District has personal jurisdiction fails, and, even if true, Plaintiff still fails to establish personal jurisdiction here.

- 2 -

1    In *Sanders v. Experian Info. Sols., Inc.*, the court granted a motion to dismiss for improper venue where the court held that even if plaintiff established that the court had personal jurisdiction over the defendant, she still would have to establish that there is no district in which an action may otherwise be brought. The court pointed to 28 U.S.C. § 1391(b)(3), which only allows an action to be brought in any district in which a defendant is subject to the court's personal jurisdiction "if there is no district in which an action may otherwise be brought." See, 28 U.S.C. § 1391(b)(3). The court dismissal was granted for improper venue because plaintiff did not offer any argument that there was no district the action could have otherwise been brought. See, *Sanders v. Experian Info. Sols., Inc.*, No. 16-cv-04650-BLF, 2017 U.S. Dist. LEXIS 61316, at *6 (N.D. Cal. Apr. 21, 2017). Here, Plaintiff solely focuses on personal jurisdiction as its basis for, but fails to address that this action could have been brought in the Southern District of New York, where Defendant resides, and instead argues that a civil action can be brought in any district with personal jurisdiction, regardless of any other factors, simply because the alleged infringement occurred on a website. However, this reasoning would encourage and permit forum shopping.

Furthermore, Plaintiff's argument that Defendant is subject to this District's personal jurisdiction fails because, "[i]n the internet context, the Ninth Circuit utilizes a sliding scale analysis under which 'passive' websites do not create sufficient contacts to establish purposeful availment, whereas interactive websites may create sufficient contacts, depending on how interactive the website is." *Jeske v. Fenmore,* No. SACV 08-01015 DOC (MLGx), 2008 U.S. Dist. LEXIS 100409, 2008 WL 5101808, *4 (C.D. Cal. Dec. 1, 2008) (citing *Boschetto v. Hansing,* 539 F.3d 1011, 1018 (9th Cir. 2008)).

Here, the alleged infringement took place on Paper Magazine's passive website, where the alleged infringing photograph was published in 2015 with an article. Paper Magazine's website is passive on the sliding scale because it merely displays information, i.e., an article with a photograph. See *Stomp, Inc. v. NeatO, LLC,* 61 F.Supp.2d 1074, 1078 (C.D. Cal. 1999)("At one end of the scale are 'passive' websites

- 3 -

which merely display information, such as an advertisement."). However, "[p]ersonal jurisdiction is 'not appropriate when a website is merely . . . passive.'" *American Auto. Ass'n, Inc. v. Darba Enterprises Inc.,* No. C 09-00510 SI, 2009 U.S. Dist. LEXIS 37564, 2009 WL 1066506, *4 (N.D. Cal. Apr. 21, 2009) citing *Stomp, Inc. v. NeatO, LLC,* 61 F.Supp.2d 1074, 1078 (C.D. Cal. 1999). Thus, here, Plaintiff's argument that this District has personal jurisdiction and thus venue fails because Paper Magazine's website is passive, and thus does not create sufficient contacts with this District to establish purposeful availment.

Plaintiff goes into a confusing, complicated analysis of trivial details about Defendant's website (some of which are plainly false), that are only supported by a declaration of Plaintiff's unknowledgeable counsel who did a cursory review on the internet to cherry-pick anything and everything he could possibly find that connects Defendant to the state of California (not specifically this District, though) just to support Plaintiff's argument that Defendant is subject to personal jurisdiction in this District (and thus can be found in this District, thereby making venue proper). Plaintiff's confusing analysis, self-serving declaration of counsel, and unsupported allegations about Defendant are not only insufficient to establish personal jurisdiction, but they are also absurdly overreaching. Indeed, Plaintiff's desperate attempt to find minute contacts between Defendant and California (not specifically the Central District) is telling—Plaintiff goes so far as to argue that the Central District is an appropriate venue because internet protocol addresses appear to be hosted in San Francisco (which is *not* in the Central District). The Court should give no weight to Plaintiff's unsupported arguments and his counsel's self-serving declaration.

### B. Plaintiff's Response Supports Defendant's Argument that this Case Should Be Dismissed Rather Than Transferred.

1. <u>Plaintiff Fails to Show why the Interests of Justice Warrant a Transfer.</u>

- 4 -

    Notably, Plaintiff provides no reason why it is in the interests of justice for this case to be transferred to the Southern District of New York instead of dismissal. This is simply because Plaintiff has no reason. Plaintiff does not reside in the United States, so he does not have a home forum, and as such, his refusal to transfer venue to the district where Defendant resides is not only unreasonable, but also indefensible. Given these facts, the only explanation is that Plaintiff forum shopped this case.

    Because Plaintiff failed to address this issue, and failed to explain why the Court should transfer the case rather than dismiss it, the Court should dismiss the case. See, *Nizami v. Woods*, 263 F. Supp. 124, 125 (S.D.N.Y. 1967) (dismissal for improper venue, rather than transfer, appropriate when plaintiff "furnish[es] no reasons why it would be more in the interest of justice for the Court to transfer the case rather than to dismiss it without prejudice").

### 2. Plaintiff Fails to Show He Did Not Forum Shop.

    Plaintiff does not explain why the Central District was the selected venue given it is not Plaintiff's home forum, no parties reside in this District, and Defendant resides in a different district where it is amenable to service of process (and where Plaintiff did serve process upon Defendant). Given Plaintiff's lack of response as to why he selected the Central District and refusal to voluntarily transfer venue, Plaintiff either forum shopped, is harassing Defendant, or is acting in bad faith. For these reasons, dismissal is appropriate rather than transfer. See, *King v. Russell* 963 F.2d 1301, 1304 (9th Cir.1992)(Dismissal, rather than transfer, may be appropriate where the plaintiff is harassing the defendants, acting in bad faith or forum shopping; where the plaintiffs action is frivolous; or where the transfer would be futile because the case would be dismissed even after transfer.)

### C. Defendant Did Not Waive Its Right to Raise Improper Venue.

    Contrary to Plaintiff's arguments, Defendant did not waive its right to seek dismissal, or in the alternative, transfer, on the grounds of improper venue.

In *Phillips v. Baker,* the appellate court affirmed dismissal of complaint for improper venue, holding that defendants did not waive the defense of improper venue by first making a motion for a more definite statement. *Phillips v. Baker*, 121 F.2d 752, 753 (9th Cir. 1941). In *Crum v. Graham*, the court dismissed a case based on defenses that were raised in defendant's answer but not raised in defendant's first motion to dismiss. The court followed *Phillips v. Baker*, and ruled that defendant did not waive the defenses of lack of jurisdiction and insufficiency of service of process by failing to raise them in the first motion to dismiss. *Crum v. Graham*, 32 F.R.D. 173, 175 (D. Mont. 1963).

Additionally, at the time Defendant filed the first motion to dismiss, it was unable to seek dismissal under Rule 12(b)(3) based on the argument that Plaintiff's action is frivolous; or where the transfer would be futile because the case would be dismissed even after transfer because this issue arose on May 10, 2022, once Plaintiff dismissed its request for statutory fees and attorney's fees. (See Dkt. 26). See *King v. Russell,* 963 F.2d 1301, 1304 (9th Cir.1992)(Dismissal, rather than transfer, may be appropriate where the plaintiffs action is frivolous; or where the transfer would be futile because the case would be dismissed even after transfer); see also, *Kaia Foods, Inc. v. Bellafiore*, 70 F. Supp. 3d 1178, 1184 (N.D. Cal. 2014)("Dismissal, rather than transfer, may be appropriate where the transfer would be futile because the case would be dismissed even after transfer.")

Given this case now solely seeks actual damages that occurred in 2015, for copyright claims that limit damages for three years from the date of filing, the case has essentially no damages, and is a waste of Plaintiff, Defendant and the Court's time and resources. These new circumstances warrant a dismissal rather than transfer because (1) the case is frivolous given Plaintiff will waste more resources litigating a federal case than he anticipates recovering in damages, and (2) a transfer would be futile because the case will likely be dismissed even after transfer.

### D. Plaintiff Should Not Be Granted Leave to Conduct Targeted Jurisdictional Discovery.

Plaintiff requests the Court grant leave to "conduct targeted jurisdictional discovery" into Defendant's revenue and users in California and then leave to amend the FAC "to include even more detailed factual allegations based on that jurisdictional discovery." (See Opposition, p. 24).

Granting Plaintiff leave to conduct jurisdictional discovery solely to obtain information to strengthen assertions that the Court has personal jurisdiction over Defendant is nonsensical and a waste of time and resources. Here, no amount of discovery could strengthen Plaintiff's assertion that venue is proper in this District. See *Broadway Nat'l Bank v. Plano Encryption Techs., LLC*, 173 F. Supp. 3d 469, 481 (W.D. Tex. 2016) (if lack of venue is clear discovery will not be allowed); see *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 856 (5th Cir. 2000) ("When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted."); see also, *Hockerson-Halberstadt, Inc. v. Propet USA, Inc.*, 62 F. App'x 322, 338 (Fed. Cir. 2003)(district court did not abuse its discretion by denying request for discovery where the lack of personal jurisdictional is clear, and further discovery serves no purpose).

It is clear the Central District is an improper venue solely because Defendant (and Plaintiff) does not reside in, is not found in, and does not have an agent in this District; no events or omissions occurred in this District; and there is another district where the action can be brought—the Southern District of New York. See, 28 U.S.C. § 1391(a); see also, 28 U.S.C.S. § 1400(a); see also, *Altin Havayolu Tasamaciligi Turizm Ve Tic v. Sinnarajah*, No. C-07-6475 EDL, 2008 U.S. Dist. LEXIS 119797, at *11 (N.D. Cal. Mar. 12, 2008). Based on these clear, undisputed facts, Plaintiff's requested limited discovery would not be useful because there are no issues of fact relating to venue to be resolved here. See *Broadway Nat'l Bank v. Plano Encryption Techs., LLC*, 173 F. Supp. 3d 469, 480 (W.D. Tex. 2016)("The Court need not permit discovery on jurisdictional matters unless the motion to dismiss raises issues of fact."). As such, it does not make sense for the Court to allow leave to conduct the requested limited discovery.

### E.  Plaintiff's Request For Leave to Amend the FAC Should Be Denied.

A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1052 (9th Cir. 2003).

Here, leave to amend the FAC will not and cannot resolve an improper venue issue. It is clear that the FAC cannot be saved by an amendment because there are no additional facts that Plaintiff could allege to show venue is proper in this District since Defendant resides in New York, so leave to amend is futile. This factor weighs against granting leave to amend. See, *Payne v. Office of the Comm'r of Baseball*, No. 15-cv-03229-YGR, 2016 U.S. Dist. LEXIS 159575, at *23 (N.D. Cal. Nov. 16, 2016)(leave to amend is inappropriate where venue is proper in the district where plaintiff's injury took place and where defendant resides, which is a fact that cannot be changed by amendment.).

Additionally, the third factor weighs against granting leave to amend because Plaintiff previously amended his pleading to cure deficiencies upon the Court's order (Dkts. 22, 24), and a second time after Defendant raised the deficiencies in a meet and confer. (Dkt. 26).

### F. Plaintiff's Request for Sanctions Under 28 U.S.C. §1927 Should Be Denied.

Plaintiff's diversionary request for sanctions only serves to highlight the frivolity of their claim for reproducing an image of Janet Jackson performing at a concert over three decades ago, registered only a handful of years ago, and only "discovered" when 9th Circuit law became more favorable with respect to the discovery rule and statute of limitations in Copyright cases.  In any event, it cannot conceivably be vexatious to seek dismissal or transfer of a case to another district, given that it is a challenge to the pleadings.  It is plain that the only litigant wasting everyone's time is the Plaintiff.

## III. CONCLUSION

For the reasons stated herein, Defendant respectfully requests the Court grant this Motion.

DATED: June 2, 2022                                    TAULER SMITH LLP

                                      By:    /s/Robert Tauler
                                             Robert Tauler, Esq.
                                             Attorneys for Defendant
                                             ENTTECH Media Group, LLC

# CERTIFICATE OF SERVICE

I hereby certified that I served the foregoing document on all parties of record through the Court's CM/ECF system.

DATED: June 2, 2022                         TAULER SMITH LLP

By: /s/    Robert Tauler
Robert Tauler, Esq.
Attorneys for Defendant
ENTTECH Media Group, LLC