UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-10032-FWS-JEM                                           Date: August 10, 2022
Title: Bernhard Kühmstedt v. Enttech Media Group, LLC *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:          Attorneys Present for Defendant:

Not Present                                                Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT [27]**

  Before the court is Defendant Enttech Media Group, LLC's ("Defendant") Motion to Dismiss ("Motion" or "Mot.") Plaintiff Bernhard Kühmstedt's First Amended Complaint. (Dkt. 27)  The Motion is supported by the Declaration of Defendant's Counsel ("Saryan Decl.") (Dkt. 27-2).  Defendant also attached a Request for Judicial Notice in support of the Motion. (Dkt. 27-3.)  Plaintiff Bernhard Kühmstedt ("Plaintiff") filed an Opposition ("Opposition" or "Opp."), a Request for Judicial Notice, and a Request for Sanctions. (Dkt 30.)  Alternatively, Plaintiff requests leave to amend the First Amended Complaint. (*Id.*)  The Opposition is supported by the Declaration of Plaintiff's Counsel ("Treschel Decl.") (Dkt. 30-1).  Defendant also filed a Reply.  (Dkt. 31.)

  The court held a hearing on this motion on July 28, 2022.  (Dkt. 36.)  Based on the state of the record, as applied to the applicable law, the court **DENIES** the Motion and **DENIES** Plaintiff's Request for Sanctions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-10032-FWS-JEM                                Date: August 10, 2022
Title: Bernhard Kühmstedt v. Enttech Media Group, LLC *et al.*

## I.   Background

Plaintiff is a professional photographer.  (Dkt. 24 ("FAC") ¶ 8.)  Plaintiff alleges he took a photograph of musician Janet Jackson and later registered a copyright for that photograph.  (*Id.* ¶¶ 9, 11.)  Plaintiff further alleges Defendant infringed upon his copyright by sharing the photograph on its website, Papermag.com, without Plaintiff's permission or authorization.  (*Id.* ¶ 13-15.)  Plaintiff specifically alleges copyright infringement and a violation of the Digital Millennium Copyright Act, 17 U.S.C. §1202 *et seq.* ("DMCA").  (*Id.* ¶¶ 18-31.)

Defendant previously moved to dismiss Plaintiff's claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  (*See* Dkt. 14.)  The court granted Defendant's motion and dismissed Plaintiff's Complaint with leave to amend on April 11, 2022.  (*See* Dkt. 22.)  Plaintiff subsequently filed the First Amended Complaint ("FAC") on April 25, 2022.  (Dkt. 24.)  Defendant now brings the instant Motion seeking to dismiss Plaintiff's FAC for improper venue or, in the alternative, transfer the case to the District Court for the Southern District of New York.  (Mot. at 6.)

## II.   Requests for Judicial Notice

Defendant requests that the court take judicial notice of one exhibit.  Plaintiff requests that the court take judicial notice of nine exhibits.  The court addresses each request in turn.

### A.   Legal Standard

Under Federal Rule of Evidence 201, the court may take judicial notice of facts that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Courts cannot take judicial notice of facts subject to reasonable dispute.  *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *see also Twombly*, 550 U.S.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-10032-FWS-JEM                                    Date: August 10, 2022
Title: Bernhard Kühmstedt v. Enttech Media Group, LLC *et al.*

at 555 n.11 ("Under Federal Rule of Evidence 201(b), a judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.") (internal quotation marks omitted).

Additionally, the Ninth Circuit has stated that courts may take notice of "records and reports of administrative bodies." *Interstate Nat. Gas Co. v. S. Cal. Gas Co.*, 209 F.2d 380 (9th Cir. 1953). However, when the court takes notice of public records, it may only consider "the existence of the opinion," rather than "the truth of the facts cited therein." *Lee*, 250 F.3d at 690.

        B.      <u>Defendant's Request for Judicial Notice</u>

Defendant requests that the court take judicial notice of Exhibit A, containing "the copyright information available on the United States Copyright Office's Website regarding registration number VA-2-177-269, for the photograph at issue in this case, *11.20.1989 Janet_Jackson*." (Dkt. 27-3 at 2.)

The court notes that Exhibit A constitutes a public record maintained by the U.S. Copyright Office and is therefore appropriate for judicial notice. *See Oroamerica Inc. v. D & W Jewelry Co.*, 10 Fed. App'x. 516, 517 n.4 (9th Cir. 2001) (taking judicial notice of a supplemental copyright registration certificate and the file history of a U.S. Design Patent); *Warren v. Fox Fam. Worldwide, Inc.*, 171 F. Supp. 2d 1057, 1062 (C.D. Cal. 2001) ("Copyright certificates are the type of documents that the court may judicially notice under Rule 201(b)(2)."); *Zahedi v. Miramax, LLC*, 2021 WL 6882408 (C.D. Cal. Nov. 24, 2021) (granting a request for judicial notice of copyright registrations as public records). Accordingly, the court **GRANTS** Defendant's Request for Judicial Notice of Exhibit A.

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-10032-FWS-JEM                                                   Date: August 10, 2022
Title: Bernhard Kühmstedt v. Enttech Media Group, LLC *et al.*

       C.       Plaintiff's Request for Judicial Notice

Plaintiff requests that the court take judicial notice of the following nine exhibits in support of the Opposition, Request for Leave to Amend, and Request for Sanctions:

1. Exhibit 1 is a copy of the article "California Makes 'Stealthing' During Sex Illegal", publicly available at URL https://www.papermag.com/california-stealthing-ban-2655285200.html.
2. Exhibit 2 is a copy of the article ""California Bill Seeks Gender-Neutral Store Displays for Kids", publicly available at URL https://www.papermag.com/california-bill-gender-neutral2654887507.html.
3. Exhibit 3 is a copy of the article "The LA Brand Bringing 'Malibu Sleaze' to Fashion," publicly available at URL https://www.papermag.com/ace-sex-doll-2656335239.html.
4. Exhibit 4 is copy of the article "Drakeo the Ruler Fatally Stabbed at LA Concert", publicly available at URL .
5. Exhibit 5 is a copy of the homepage of the website (www.whatismyip.com/dns/look-up/) that Plaintiff used to look up the Internet protocol ("IP") addresses associated with the URL http://www.papermag.com or IP addresses 104.26.4.57, 104.26.5.57, and 172.67.71.122.
6. Exhibit 6 is copy of the publicly available webpage www.whatismyip.com showing the more detailed description of the IP address 104.26.4.57.
7. Exhibit 7 is a copy of the publicly available webpage www.whatismyip.com showing the more detailed description of the IP address 104.26.5.57.
8. Exhibit 8 is a copy of the publicly available webpage www.whatismyip.com showing the more detailed description of the IP address 172.67.71.122.
9. Exhibit 9 is a copy of Papermag.com's "Terms and Conditions", publicly available at URL https://www.papermag.com/terms-2648462038.html.

(Opp., Exhs. 2-10.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-10032-FWS-JEM                                                   Date: August 10, 2022
Title: Bernhard Kühmstedt v. Enttech Media Group, LLC *et al.*

As a preliminary matter, the court notes that "[f]ederal courts . . . have expressed skepticism as to whether it is appropriate to take judicial notice of information or documents appearing on websites that are created and maintained by a party to the litigation." *Gerritson v. Warner Bros Ent. Inc.*, 112 F. Supp. 3d 1011, 1030 (C.D. Cal. 2015) (collecting cases). However, the court also declines to take judicial notice of Exhibits 1-9 because the court does not require the documents to decide the Motion. *See id.* at 1029-30 (declining to take judicial notice of documents irrelevant to motion to dismiss); *Warner v. Tinder Inc.*, 105 F. Supp. 3d 1083, 1090 (C.D. Cal. 2015) (declining to incorporate by reference documents where "the court [did] not [need] [to] consider the exhibits to grant [defendant's] requested relief"). Accordingly, the court **DENIES** Plaintiff's Request for Judicial Notice.

**III.   Defendant's Motion to Dismiss for Improper Venue**

   A.   Legal Standard

Under Federal Rule of Civil Procedure 12(b)(3), a party may move to dismiss an action for improper venue. Fed. R. Civ. P. 12(b)(3). "When venue is improper, the court 'shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'" *Kaia Foods, Inc. v. Bellafiore*, 70 F. Supp. 3d 1178, 1184 (N.D. Cal. 2014) (quoting 28 U.S.C. § 1406(a)). "Dismissal, rather than transfer, may be appropriate where the transfer would be futile because the case would be dismissed even after transfer." *Id.* In deciding a motion to dismiss for improper venue, the court need not accept the pleadings as true and "may consider facts outside the pleadings." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004) (citations omitted). The plaintiff bears the burden of showing venue is proper. *See Piedmont Label Co. v. Sun Garden Parking Co.*, 598 F.2d 491, 496 (9th Cir. 1979) ("Plaintiff had the burden of showing that venue was properly laid in the [district].").

However, "[a] fundamental tenet of the Federal Rules of Civil Procedure is that certain defenses under Fed. R. Civ. P. 12 must be raised at the first available opportunity or . . . [be]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-10032-FWS-JEM            Date: August 10, 2022
Title: Bernhard Kühmstedt v. Enttech Media Group, LLC *et al.*

forever waived." *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1106 (9th Cir. 2000) (citing Fed. R. Civ. P. 12(g), (h)). "A defendant, properly served with process by a court having subject matter jurisdiction, waives venue by failing seasonably to assert it[.]" *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960). Thus, to avoid waiving the improper venue defense, "[a]ny objection must be raised before answering by way of filing a motion under Rule 12 of the Federal Rules of Civil Procedure or in the first responsive pleading if a Rule 12 motion was not filed." *McRo, Inc. v. Valve Corp.*, 2017 WL 3189007, at *3 (C.D. Cal. July 24, 2017); *see also* Fed. R. Civ. P. 12(g)(2) ("[A] party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."); Fed. R. Civ. P. 12(h)(1) ("A party waives any defense under Rule 12(b)(2)-(5) by . . . omitting it from a motion in the circumstances described in Rule 12(g)(2).").

      B.    <u>Discussion</u>

The parties dispute three issues: (1) whether Defendant waived the improper venue defense; (2) the correct venue location; and (3) the applicable venue statute. Defendant argues that this case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406 or, in the alternative, transferred.[1] (Mot. at 3-5.) Defendant further argues that

---

[1] Although Defendant does not specify which statute it requests that the court use to transfer this case, the court observes that the transfer request falls within the section of Defendant's brief discussing 28 U.S.C. § 1406. (*See* Mot. at 6.) Defendant also does not discuss 28 U.S.C. § 1404 in this Motion. (*See generally* Mot.) Thus, because Defendant maintains venue is improper and does not mention § 1404, the court construes Defendant's request as a request to transfer pursuant to § 1406. *See Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Tex.*, 571 U.S. 49, 59 (2013) ("Unlike § 1406(a), § 1404(a) does not condition transfer on the initial forum's being 'wrong.'").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-10032-FWS-JEM                              Date: August 10, 2022
Title: Bernhard Kühmstedt v. Enttech Media Group, LLC *et al.*

venue would be proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because Defendant resides in New York City. (Mot. at 2.)

In Opposition, Plaintiff argues that Defendant waived the improper venue defense by first filing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) that did not raise improper venue. (Opp. at 2-3.) Plaintiff also argues that venue is properly laid in the Central District of California under 28 U.S.C. § 1400(a). In response, Defendant argues that it did not waive the improper venue defense because the possibility for dismissal under Rule 12(b)(3), as opposed to transfer, did not arise until after the motion to dismiss was filed. (Reply at 6.). Defendant also cites two cases in support of its argument. (*Id.*)

In this case, the court observes that Defendant previously filed a 12(b)(6) motion on February 25, 2022. (*See* Dkt. 14.) It is undisputed that Defendant did not raise improper venue under Federal Rule of Civil Procedure 12(b)(3) or 28 U.S.C. § 1406 in that motion. (*See generally id.*) The court concludes that Defendant waived the venue defense by not raising venue in its prior motion to dismiss under Rule 12(b)(6). *See* Fed. R. Civ. P. 12(h)(1) ("A party waives any defense under Rule 12(b)(2)-(5) by . . . omitting it from a motion in the circumstances described in Rule 12(g)(2)."); 28 U.S.C. § 1406(b) ("Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to venue.").

Furthermore, the court finds Defendant's arguments concerning waiver do not alter this conclusion. First, the court finds Defendant's argument that the venue defense was not available at the time the motion to dismiss was filed unpersuasive. Although courts have held that defendants do not waive the defense of improper venue "if its legal basis did not exist at the time of the answer or pre-answer motion," Defendant cites no applicable "intervening change in law." *See Akeso Health Sci., LLC v. Designs for Health, Inc.*, 2018 WL 2558420, at *2 (C.D. Cal. Jan. 25, 2018) (quoting *Holland v. Big River Minerals Corp.*, 181 F.3d 597, 605 (4th Cir. 1999)). Instead, Defendant argues that at the time the earlier motion to dismiss was filed, "it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-10032-FWS-JEM								Date: August 10, 2022
Title: Bernhard Kühmstedt v. Enttech Media Group, LLC *et al.*

was unable to seek dismissal under Rule 12(b)(3) based on the argument that Plaintiff's action is frivolous . . . because this issue arose on May 10, 2022, once Plaintiff dismissed its request for statutory fees and attorney's fees." (Mot. at 6.)

The court observes that whether venue is proper does not turn on the alleged futility of Plaintiff's action or Defendant's desired remedy. The proper venue for any suit is dictated by statute. *See Atl. Marine Constr. Co.*, 571 U.S. at 56 ("The structure of the federal venue provisions confirms that they alone define whether venue exists in a given forum."). Given the well-established nature of the venue inquiry, the court finds the improper venue defense was available to Defendant at the time the previous motion to dismiss was filed.

Second, the court finds Defendant's cited authority to be inapposite. In both cases, *Phillips v. Baker*, 121 F.2d 752 (9th Cir. 1941), and *Crum v. Graham*, 32 F.R.D. 173 (D. Mont. 1963), the courts held defendants did not waive various Rule 12 defenses; however, the Ninth Circuit and the district court were interpreting a previous iteration of Federal Rule of Civil subsection 12(h) that did not specify which defenses or motions were subject to waiver. *See Philips*, 121 F.2d at 755 (quoting subdivision 12(h) as stating "[a] party waives all defenses and objections which he does not present either by motion as hereinbefore provided or, if he has made no motion, in his answer or reply"); *Crum*, 32 F.R.D. at 175 (following the Ninth Circuit's holding in *Phillips*). However, the court notes that Rule 12(h) was amended in 1966. *See* Fed. R. Civ. P. 12(h) advisory committee's note to 1966 amendment. In the notes on this amendment, the Advisory Committee discussed the previous split resulting from this ambiguous language and described the significance of the amendment:

> Amended subdivision (h)(1)(A) eliminates the ambiguity and states that certain specified defenses which were available to a party when he made a preanswer motion, but which he omitted from the motion, are waived. The specified defenses are lack of jurisdiction over the person,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-10032-FWS-JEM                      Date: August 10, 2022
Title: Bernhard Kühmstedt v. Enttech Media Group, LLC *et al.*

> *improper venue*, insufficiency of process, and insufficiency of service of process (see Rule 12(b)(2)–(5)).
>
> . . .
>
> By amended subdivision (h)(1)(B), the specified defenses, even if not waived by the operation of (A), are waived by the failure to raise them by a motion under Rule 12 or in the responsive pleading or any amendment thereof to which the party is entitled as a matter of course.

*Id.* (emphasis added).

       Because the operative version of Rule 12(h) explicitly identifies the defenses in 12(b)(2)-(5)—including improper venue—as subject to waiver, the court finds the holdings in these cases inapplicable. *See* Fed. R. Civ. P. 12(h); *id.* advisory committee's note to 1966 amendment. ("Since the language of the subdivisions is made clear, the party is put on fair notice of the effect of his actions and omissions and can guard himself against unintended waiver.").

       Moreover, the court notes that Defendant does cite to cases interpreting the modern iteration of Rule 12(h) in other sections. The court observes that in numerous places in its Motion and Reply, including the section discussing waiver, Defendant cites *King v. Russell*, 963 F.2d 1301 (9th Cir 1992.). (*See* Mot. at 3; Reply at 5, 6.) In that case, the Ninth Circuit explicitly held that defendants had waived the improper venue defense in substantially similar circumstances to the instant case. *See King*, 963 F.2d at 1305 (holding defendants' "failure to raise the defense of improper venue in conjunction with their 12(b)(6) motion constituted waiver of that defense."). The court further observes that in its Reply, Defendant did not address Plaintiff's arguments regarding waiver under the plain text of Rule 12. (Reply at 5-6.) The court notes that the Ninth Circuit and Federal Rules of Civil Procedure require that parties make a "reasonably inquiry" as to whether a motion is supported by existing law. *Cf. Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1367 (9th Cir. 1990) ("The district court's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-10032-FWS-JEM  Date: August 10, 2022
Title: Bernhard Kühmstedt v. Enttech Media Group, LLC *et al.*

rationale for finding the motion . . . frivolous was correct and not an abuse of discretion. A competent reading of our rules and precedent would very quickly have made clear to [the party] that he did not follow the correct procedures . . . .").

Based on the record, as applied to the applicable law, the court concludes Defendant waived the venue defense under Rule 12(b)(3) and 28 U.S.C. § 1406 by filing a previous Rule 12(b)(6) motion that did not address venue. Accordingly, the court **DENIES** the Motion to Dismiss for improper venue.

"Furthermore, once a party has waived the defense of improper venue, courts generally should not raise the issue on their own." *Sandy v. McClure*, 2008 WL 4830727, at *2 (N.D. Cal. Nov. 6, 2008); *see also McRo*, 2017 WL 3189007, at *3 ("[T]he Court concludes that Defendant waived any assertion of improper venue. The Court therefore denies Defendant's motion without any need to consider Plaintiff's other arguments for why venue should be maintained here."); *cf. Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (citing *Concession Consultants Inc. v. Mirisch*, 355 F.2d 369, 371 (2d Cir. 1966) ("*In the absence of a waiver*, we can find no reason to hold the district court erred by raising the issue of defective venue on its own motion.") (emphasis added); *Concession Consultants Inc.*, 355 F.2d at 371 ("Since the right to attack venue is personal to the parties and waivable at will, a district judge should not, in the absence of extraordinary circumstances, impose his choice of forum upon the parties by deciding on his own motion that there was a lack of proper venue."). The court finds that the circumstances surrounding Defendant's waiver here are not extraordinary; rather, the circumstances are exactly those contemplated by Federal Rule of Civil Procedure 12. *See* Fed. R. Civ. P. 12(h) advisory committee's note to 1966 amendment ("A party who by motion invites the court to pass upon a threshold defense should bring forward all the specified defenses he then has and thus allow the court to do a reasonably complete job."). Thus, the court does not further address whether venue is proper.

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-10032-FWS-JEM　　　　　　　　　　　　　　Date: August 10, 2022
Title: Bernhard Kühmstedt v. Enttech Media Group, LLC *et al.*

### IV.　　Plaintiff's Request for Sanctions

In the Opposition, Plaintiff argues that Defendant's counsel, Robert Tauler, should be sanctioned pursuant to either 28 U.S.C. § 1927 or the court's inherent powers. (Opp. at 17-18.) Plaintiff argues that Mr. Tauler unreasonably and vexatiously multiplied the proceedings by filing papers "not supported by the law or an argument for an extension of the law." (*Id.* at 17.) Plaintiff also argues that Mr. Tauler filed the Motion in bad faith because he: (1) failed to provide any legal authority for the Motion during the meet and confer process; and (2) sent additional threatening emails to Plaintiff's counsel. (*Id.* at 18 n.10; Trechsel Decl. ¶ 8.)

"Three primary sources of authority enable courts to sanction parties or their lawyers for improper conduct: (1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court, (2) 28 U.S.C. § 1927, which penalizes conduct that unreasonably and vexatiously multiplies the proceedings, and (3) the court's inherent power." *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001). Because Plaintiff requests sanctions only pursuant to 28 U.S.C. § 1927 and the court's inherent power, the court does not address Rule 11.

Under 28 U.S.C. § 1927, the court may require "[a]ny attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The Ninth Circuit has held that "sanctions pursuant to section 1927 must be supported by a finding of subjective bad faith." *Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1007 (9th Cir. 2015). "[B]ad faith is present when an attorney knowingly or recklessly raises a frivolous argument." *Id.*

Similarly, the court may impose sanctions based on its inherent powers "if the court specifically finds bad faith or conduct tantamount to bad faith", such as "willful actions, including recklessness when combined with an additional factor such as frivolousness,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-10032-FWS-JEM            Date: August 10, 2022
Title: Bernhard Kühmstedt v. Enttech Media Group, LLC *et al.*

harassment, or an improper purpose." *Fink*, 239 F.3d at 994. Although the court's "inherent powers must be exercised with restraint and discretion", the Supreme Court has stated that "[a] primary aspect of this discretion is the [court's] ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991).

     Finally, Local Rule 83-7 provides that the violation of or failure to conform to the Central District of California's Local Rules may subject the offending party or counsel to: "(a) monetary sanctions, if the Court finds that the conduct was willful, grossly negligent, or reckless; (b) the imposition of costs and attorneys' fees to opposing counsel, if the Court finds that the conduct rises to the level of bad faith and/or a willful disobedience of a court order; and/or (c) for any of the conduct specified in (a) and (b) above, such other sanctions as the Court may deem appropriate under the circumstances." L.R. 83-7.

     The court declines to impose sanctions based on Defendant's arguments at this time. Although the court finds that Defendant's venue arguments were waived as discussed above, the record does not sufficiently reflect evidence of Defendant's subjective bad faith. Accordingly, the court declines to issue sanctions under 28 USC § 1927 or the court's inherent power based on Defendant's venue argument. *See Blixseth*, 796 F.3d at 1007.

     However, the court does feel compelled to further address Mr. Tauler's conduct. The court previously issued a warning to Mr. Tauler regarding his conduct towards Plaintiff's counsel. (*See* Dkt. 22 at 8.) In that order, the court addressed several disparaging emails that Mr. Tauler sent to Plaintiff's counsel. (*Id.* at 8-10.) The court also noted that Mr. Tauler "has been repeatedly warned by other courts about his behavior." (*Id.* at 10 (citing two other district courts' admonishments of Mr. Tauler).) Now, in response to the instant Motion, Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-10032-FWS-JEM                          Date: August 10, 2022
Title: Bernhard Kühmstedt v. Enttech Media Group, LLC *et al.*

notified the court of two additional emails Plaintiff's counsel received from Mr. Tauler that the court did not previously have the opportunity to address.[2] (*See* Opp., Exh. 10.)

In Mr. Tauler's first email, sent to Plaintiff's counsel at 10:12 a.m. on March 23, 2022, he stated:

> . . . [Y]ou really screwed up here. You should never have tried the sanctions gambit. You are all mine now.

(Opp., Exh. 11.)

In the second email, sent seven minutes later at 10:19 a.m. on March 23, 2022, Mr. Tauler said:

> I am not even going to help you find a new job after [law firm] is done sucking the life out of you. I was willing to help you get out of there. I am very disappointed in you. You now have an enemy for life. I will follow you wherever you go. If the case isn't tossed for some reason, and we actually have to litigate for the next two years, I can promise you will never forget my name . . . .

(*Id.*)

Although the court declines to impose sanctions at this time, the court admonishes Mr. Tauler for his conduct unbecoming an officer of the court. In keeping with the court's previous order, (see Dkt. 22,) the court refers Mr. Tauler to the Central District of California's Civility

---

[2] At oral argument, Mr. Tauler noted that he sent these emails before the court issued the previous order reprimanding Mr. Tauler on April 11, 2022. Regardless of the timing of the emails, the court finds Mr. Tauler should not require notice from the court to conduct himself with civility.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-10032-FWS-JEM                               Date: August 10, 2022
Title: Bernhard Kühmstedt v. Enttech Media Group, LLC *et al.*

and Professionalism Guidelines[3] and the California Attorney Guidelines of Civility and Professionalism.[4] Specifically, the court points Mr. Tauler to section 4 of the California Attorney Guidelines of Civility and Professionalism, which states:

> An attorney's communications about the legal system should at all times reflect civility, professional integrity, personal dignity, and respect for the legal system. An attorney should not engage in conduct that is unbecoming a member of the Bar and an officer of the court. For example, in communications about the legal system and with adversaries:
>
> a. An attorney's conduct should be consistent with high respect and esteem for the civil and criminal justice systems.
>
> . . .
>
> b. An attorney should not disparage the intelligence, integrity, ethics, morals or behavior of the court or other counsel, parties or participants when those characteristics are not at issue.
>
> . . .
>
> f. An attorney should avoid hostile, demeaning or humiliating words.

CAL. ATT'Y GUIDELINES CIVILITY & PROFESSIONALISM § 4.

---

[3] Available at: https://www.cacd.uscourts.gov/attorneys/admissions/civility-and-professionalism-guidelines.
[4] Available at: https://www.calbar.ca.gov/Portals/0/documents/ethics/Civility/Atty-Civility-Guide-Revised_Sept-2014.pdf.

**CIVIL MINUTES – GENERAL**                                                                  14

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-10032-FWS-JEM                  Date: August 10, 2022

Title: Bernhard Kühmstedt v. Enttech Media Group, LLC *et al.*

    The court cautions Mr. Tauler that any further instances of conduct unbecoming an attorney or threats directed at Plaintiff's counsel may result in sanctions, including referral to the State Bar of California.

**V.**     **Disposition**

    For the reasons set forth above, the court **DENIES** the Motion. The court also **DENIES** the Request for Sanctions.

    The Clerk shall serve this minute order on the parties.

                                              Initials of Deputy Clerk: mku